# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARCIE ABERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-10181 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| BOARD OF EDUCATION OF THE CITY ) | |
| OF CHICAGO, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss [13]. For the reasons stated below, the Court dismisses without prejudice Plaintiff's discrimination claims and directs the Clerk of the Court to remand this case and the sole remaining count—intentional interference with contractual relations (Count I)—to the Circuit Court of Cook County.

## I. Background[1]

In March 1987, Plaintiff Marcie Aberman was hired as a mathematics teacher at Nicholas Senn High School ("Senn") in Chicago, Illinois. During school years 2005-2006 and 2007-2008, Aberman was rated "excellent" by Senn's former school principal. On March 21, 2011, Aberman received an "unsatisfactory" performance rating from Senn's new principal, Defendant Susan Lofton, and was assigned to the teacher reassignment pool on July 8, 2011. Aberman has an auditory impairment and is over the age of 40.

---

[1] For purposes of the current motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in Plaintiff's favor. *E.g.*, *White v. Marshall & Ilsley Corp.*, --- F.3d ---, 2013 WL 1688918, at *5 (7th Cir. Apr. 19, 2013).

1

On July 20, 2011, Aberman filed a charge with the Illinois Department of Human Rights ("IDHR") against Lofton and Defendant Board of Education of the City of Chicago, alleging age and disability discrimination. Aberman claimed that she was given an unsatisfactory evaluation, forced to take involuntary leave, and placed in the reassigned teacher pool. On August 28, 2012, the IDHR issued a Notification of Dismissal for Lack of Substantial Evidence. On December 3, 2012, Aberman filed a Request for Review of the dismissal with the Illinois Human Rights Commission (IHRC). She also filed the instant complaint in the Circuit Court of Cook County, Illinois, seeking redress for her Illinois Human Rights Act (IHRA) claims and other state and federal claims. Defendants removed the matter to federal court.

Aberman's complaint contains seven counts: intentional interference with contractual relations (Count I); disability discrimination in violation of the IHRA (Count II); disability discrimination in violation of the Americans With Disabilities Act ("ADA") (Count III); failure to accommodate in violation of the ADA (Count IV); Family Medical Leave Act ("FMLA") interference (Count V); age discrimination in violation of the Age Discrimination Employment Act ("ADEA") (Count VI); and age discrimination in violation of the IHRA (Count VII).

## II. Legal Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the

claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

## III. Discussion

### A. The Illinois Human Rights Act

The Illinois Human Rights Act ("IHRA") statutory scheme permits a party who has received a Notice of Dismissal to seek review of the dismissal order with the IHRC or to file a civil action in circuit court. Section 7A–102(D)(3) of the IHRA describes what happens if the director determines that there is no substantial evidence of a civil rights violation, as happened with Aberman's charge and Notice of Dismissal:

> (3) If the Director determines that there is no substantial evidence, the charge shall be dismissed by order of the Director and the Director shall give the complainant notice of his or her right to seek review of the dismissal order before the Commission or commence a civil action in the appropriate circuit court. If the complainant chooses to have the Human Rights Commission review the dismissal order, he or she shall file a request for review with the Commission within 90 days after receipt of the Director's notice. If the complainant chooses to file a

3

request for review with the Commission, he or she may not later commence a civil action in a circuit court. If the complainant chooses to commence a civil action in a circuit court, he or she must do so within 90 days after receipt of the Director's notice."

775 ILCS 5/7A—102(D)(3) (West 2010); see also *Mowen v. Department of Veterans Affairs*, 2013 WL 1914323, at *4 (Ill. App. Ct. 2013). Defendants maintain that because Aberman has elected to proceed before the IHRC, she could not commence an action in the Circuit Court of Cook County (which since has been removed to this court). Aberman's response brief fails to address Defendants' argument regarding the plain language of 775 ILCS 5/7A—102(D)(3), choosing instead to address exhaustion, parallel filings, abstention, and preclusion.

Contrary to Aberman's position, the Court's inquiry begins with the statute in question. The statute in question clearly states that "[i]f the complainant chooses to file a request for review with the Commission, he or *she may not later commence a civil action in a circuit court*." 775 ILCS 5/7A—102(D)(3) (emphasis added). Thus, the mere act of filing a request for review with the Commission appears to preclude a civil action in circuit court.

The Illinois Appellate Court has read the statute as giving a plaintiff the choice of whether to proceed before the Commission or in circuit court, but not both:

> As to those particular claims of discrimination, the Department wrote that plaintiff now had two options: one of her options was to notify the Department, in writing, within 14 days of her receipt of the notice, that she wanted the Department to file a complaint on her behalf with the Illinois Human Rights Commission (hereinafter, "the Commission"). Alternatively, her other option was to "[c]ommence a civil action in the appropriate state court within ninety (90) days after receipt of this notice." The notice added: "A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed." * * * * As for the remaining claims in plaintiff's charge of discrimination, *i.e.,* the claims that defendant had discriminated against her on the basis of her age and on the basis of her other disability, Sjogren's disease, the Department notified the parties it had found a lack of substantial evidence and that it therefore was dismissing those claims. The Department wrote that plaintiff could do either of two things with respect to those dismissed claims: she could ask

4

> the Commission to review the dismissal, or she could commence a civil action in circuit court within 90 days. * * * * Plaintiff took the judicial route.

*Mowen*, 2013 WL 1914323 at *1-2. Judge Hamilton recently explained the Illinois statutory scheme in similar terms:

> Our opinion in *Garcia v. Village of Mount Prospect,* 360 F.3d 630, 639–42 (7th Cir. 2004), was issued before *Blount* and perceived the same tension seen by the majority today, but *Garcia* also failed to focus on the difference between discrimination claims and other types of claims. *Garcia* avoided resolving the issue by making a further mistake, concluding that a plaintiff with a federal discrimination claim could bring his claim to the Illinois Human Rights Commission and then seek judicial review in the Illinois circuit courts. *Id.* at 642. At that time, actions of the IHRC could be reviewed only in the Illinois Appellate Court, as the appellee admits here. See 775 Ill. Comp. Stat. 5/8–111(A)(1) (2007); Appellee's Br. at 25. *The Illinois Human Rights Act was amended effective in 2008, too late to help Dr. Dookeran or Mr. Garcia, to allow employees to choose between administrative adjudication before the IHRC and a circuit court.* See 775 Ill. Comp. Stat. 5/7A–102(D)(3), (D)(4), and (G)(2) (2008), as amended by Public Act 95–243, § 5.

*Dookeran v. County of Cook, Ill.*, 719 F.3d 570, 582 (7th Cir. 2013) (Hamilton, J., dissenting) (emphasis added). That construction aligns with the plain language of the statute and makes clear that Aberman could proceed with her discrimination claims in one of two ways, not both. See also *Ayala v. Advocate Good Samaritan Hosp.*, 2011 WL 5981005, at *2-3 (N.D. Ill. Nov. 29, 2011) (interpreting 775 ILCS 5/7A—102(D)(2) of IHRA and holding that because the plaintiff "chose to pursue the harassment claim with the IHRC, rather than bringing a civil action," the plaintiff was precluded from proceeding with an IHRC harassment claim in federal court pursuant to pendent jurisdiction). In electing to proceed before the Commission, Aberman forewent her right to commence a civil action in circuit court to litigate her discrimination claims.

Aberman's focus on exhaustion, parallel filings, abstention, and preclusion does not prevent application of 775 ILCS 5/7A-102(D)(3). These issues are largely inconsequential to the

5

analysis because Aberman was able to, and did, join all of her discrimination claims with her complaint for administrative review.² See, *e.g.*, *Dookeran v. County of Cook, Ill.*, 719 F.3d 570, 582 (7th Cir. 2013) (Hamilton, J., dissenting); *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 642 (7th Cir. 2004); *Donato v. Brach & Brock Confections, Inc.*, 2002 WL 1364082, at *2 (N.D. Ill. June 21, 2002) (barring the plaintiff's ADA claims in federal court after the IHRC and Illinois Appellate Court dismissed the plaintiff's disability claims). Contrary to Aberman's assertion that certain federal claims cannot be brought before the IHRC, state and federal courts have concurrent jurisdiction over claims arising under the ADA, ADEA, and FMLA. See 42 U.S.C. 12117 (ADA); 29 U.S.C. 626(c)(1) (ADEA); and 29 U.S.C. 2617(a)(2) (FMLA). Furthermore, as previously indicated, once the IHRC adjudicates Aberman's claims, she may seek judicial review of the IHRC's final orders in the Illinois Appellate Court. See 775 ILCS 5/8—111 ("Any complainant or respondent may apply for and obtain judicial review of a final order of the Commission entered under [the Illinois Human Rights Act] by filing a petition for review in the Appellate Court within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision."). In short, Aberman had a choice of one of two forums in which to bring her all of discrimination claims, and once she chose to file a request for review with the Commission, she was barred from "commenc[ing] a civil action in circuit court." 775 ILCS 5/7A—102(D)(3).

As Judge Easterbrook pointed out in *Davis v. City of Chicago*, a plaintiff may pursue her claims strategically, but she must abide by the consequences of those choices:

---

² The issues raised in Aberman's charge and subsequent request for review of the dismissal are identical in substance to the ADA, ADEA, and FMLA claims raised in her circuit court complaint: (1) forced medical leave/age; (2) forced medical leave/physical disability, auditory impairment; (3) performance evaluation/age; (4) performance evaluation/physical disability, auditory impairment; (5) unequal terms and conditions of employment/age; and (6) unequal terms and conditions of employment/physical disability, auditory impairment.

6

> [The plaintiff] split his claim for his own reasons: he wanted simple, streamlined litigation in the Circuit Court of Cook County so that he could get back pay as quickly as possible. His § 1983 claims against the [defendants] are more complicated and have lower stakes, so he wanted to postpone them * * * * That is an understandable strategy but not a good reason for foisting two suits on the judicial system and his adversary. Having made a tactical choice to expedite decision, [the plaintiff] must accept the consequences.

53 F.3d 801 (7th Cir. 1995); see also *Rogers v. Desiderio*, 58 F.3d 299, 301 (7th Cir. 1995) ("Federal courts employ a number of devices to give state judges the primary responsibility for supervising the state administrative process, so in many cases, of which this may be one, a litigant who wants to present both state and federal objections is as a practical matter driven to the state forum. What matters today is not selection of the superior forum for asserting all of plaintiffs' arguments, but the consequences of a decision to try two forums at once."). Aberman candidly admits that she wants to "resolve this matter quickly, and in whichever forum is available" (Pl.'s Resp. at 9) and that she "seeks to resolve her claims in whatever forum is the most expedient" (*id.* at 10 n. 6). But the IHRA explicitly forecloses her ability to pursue her discriminations claims in two separate actions in order to determine which will avenue will proceed most expeditiously. Therefore, all of Plaintiff's claims which are premised on the same allegations of disability and age discrimination—namely, disability discrimination in violation of the IHRA (Count II); disability discrimination in violation of the Americans with Disabilities Act ("ADA") (Count III); failure to accommodate in violation of the ADA (Count IV); Family Medical Leave Act ("FMLA") interference (Count V); age discrimination in violation of the Age Discrimination Employment Act ("ADEA") (Count VI); and age discrimination in violation of the IHRA (Count VII)—will be dismissed in this court, to be resolved by the Commission and perhaps the state appellate courts.

### B. Remaining State Law Claims

Because the Court grants Defendants' motion to dismiss as to Plaintiff's discrimination claims (including all the federal claims over which it has original jurisdiction), it must now address whether to retain jurisdiction over Plaintiff's remaining state law claim. See 28 U.S.C. § 1367(c)(3). In addition to the discrimination claims (both federal and IHRA claims) that the Court previously addressed, Plaintiff has asserted a state law claim for intentional interference with contractual relations (Count I). Based on the Court's reading of Plaintiff's complaint, this claim—unlike the other six claims—arguably falls outside the claims brought before IHRC. See, *e.g., Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23-24 (Ill. 1997) (holding that a common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act).

The Seventh Circuit, animated by the principle of comity, consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly,* 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.,* 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.,* 6F.3d 1176, 1182 (7th Cir. 1993); see also *Wright v. Associated Ins. Co.,* Inc., 29 F.3d 1244, 1251 (7th Cir. 1994) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction * * * "); see also *Horton v. Schultz,* 2010 WL 1541265, at *4 (N.D. Ill. 2010). Finding no justification for departing from

that "usual practice" in this case,[3] the Court directs the Clerk of the Court to remand Plaintiff's remaining state law claim to the Circuit Court of Cook County, the court in which it was originally brought. See *In re Repository Technologies, Inc.,* 601 F.3d 710, 724–25 (7th Cir. 2010); *Leister v. Dovetail, Inc.,* 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts.").

IV. **Conclusion**

For the reasons set forth above, the Court grants in part Defendants' motion to dismiss [13] and dismisses Plaintiff's federal and IHRA discrimination claims (Counts II through VII). With federal subject matter jurisdiction lacking over the remaining state law claim, 28 U.S.C. § 1447(c) requires remand. Accordingly, the Court directs the Clerk of the Court to remand Plaintiff's state law claim for intentional interference with contractual relations (Count I) to the Circuit Court of Cook County, where Plaintiff originally filed this case.

Dated: September 17, 2013

_____
Robert M. Dow, Jr.
United States District Judge

---

[3] In *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251–53 (7th Cir.1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine judicial economy, convenience, fairness, and comity-will point to a federal decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because the Court is not dismissing Plaintiff's state law claim but rather is remanding it back to the court in which it originally was filed. Additionally, remand also is appropriate here because substantial judicial resources have not been committed to the remaining state law claim asserted in Plaintiff's complaint. *Wright,* 29 F.3d at 1251.