IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MARCIE ABERMAN, | |
|---|---|
| Plaintiff, | Case No.: 12-cv-10181 |
| v. | |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, ET. AL., | Honorable Judge Robert M. Dow, Jr. |
| Defendants. | **Jury Trial Demanded** |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**

Pursuant to *Fed. R. Civ. P. 59*, and *60*, Plaintiff Marcie Aberman, by and through her attorneys, respectfully requests that this Court reconsider its order dismissing Plaintiff's discrimination claims. In support of her request, Plaintiff states as follows:

**Background**

Ms. Marcie Aberman was employed in teaching positions with the Board for over 20 years. Prior to Susan Lofton becoming principal, Aberman had never been the subject of disciplinary proceedings, and had consistently been rated as Superior. Aberman filed suit on December 3, 2012, alleging intentional interfere with contractual relations (Count I), disability discrimination in violation of the IHRA (Count II), discrimination in violation of the Americans With Disabilities Act ("ADA") (Count III); failure to accommodate in violation of the ADA (Count IV); Family Medical Leave Act ("FMLA") interference (Count V); age discrimination in violation of the Age Discrimination Employment Act ("ADEA") (Count VI); and age discrimination in violation of the IHRA (Count VII).

1

On the same day she forwarded a copy of the complaint to the Illinois Department of Human Rights, informing the Department of the cause of action in state court, and seeking review from the Commission. Aberman later contacted the Department and clarified that she was pursuing the matter in federal court where she was represented by counsel. The Department does not have any action pending or stayed. Plaintiff received a right-to-sue letter in April 2013. Through counsel, Plaintiff subsequently contacted Defendants to inform them that there would be an amended complaint.

**Legal Standard**

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1992). Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995); *Fed. R. Civ. P. 59(e)*. With respect to *Fed. R. Civ. P. 60(b)*, the Seventh Circuit has explained that "Rule 60(b)(1) permits the court in the exercise of discretion to relieve a party from an order on the grounds of mistake, inadvertence, or excusable neglect, and Rule 60(b)(6) covers `any other reason justifying relief from the operation of the judgment.'" *Longs v. City of South Bend,* 201 Fed.App'x 361, 364 (7th Cir. 2006) (quoting *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.2000)). Relief pursuant to this rule, however, "is regarded as an extraordinary remedy which is granted only in exceptional circumstances." *Id.*

**Discussion**

Plaintiff, in her motion for reconsideration, asked the Court to reconsider its September 17, 2013, Order of Dismissal (the "Order") in light of the facts that A) Plaintiff's claim is not pending

before the Illinois Human Rights Commission, and B) the underlying premises of the Defendant's argument in its motion to dismiss all claims, namely that the state court statute robs the federal court of jurisdiction, and that all claims must be brought in a single action and forum, are not supported by statutory or common law precedent (the application of Plaintiff's response about comity, abstention, and preclusion was misunderstood). Defendants' Response Brief held singularly to the position espoused in their motion to dismiss, Doc. # 13. Their argument remains that the Illinois Department of Human Rights filing alone forecloses this Court's jurisdiction. Their argument actually embraces a potential conundrum of administrative review when they state that plaintiff's only recourse would be judicial review. Doc. # 13, p. 5. This Court should decline to make such an extension of the law.

**A. Addressing the 'plain language' of the Illinois statute**

The Court noted its position that "Aberman's response brief fails to address Defendants' argument regarding the plain language of 775 ILCS 5/7A—102(D)(3), choosing instead to address exhaustion, parallel filings, abstention, and preclusion." Doc # 21, p. 4. To reconcile the response brief to the Court's position, Plaintiff's counsel filed the motion for reconsideration at issue here and explained why the brief focused on preclusion and parallel filings in response to the Defendants' arguments. Then, after Plaintiff's motion for reconsideration, Doc # 23, Defendants respond that "[p]laintiff's argument . . . that [D]efendants have not cited authority supporting the notion that [P]laintiff has an 'affirmative obligation to raise all claims in a single cause of action' - ignores the plain language of the Illinois Human Rights Act, which does not provide for the simultaneous filing of a state action and administrative review proceeding, (citations omitted), and well-established case law." Doc. # 25, pp. 3 – 4. Out of an overabundance of caution, Plaintiff specifically addresses the statutory language at issue:

> (3) If the Director determines that there is no substantial evidence, the charge shall be

3

dismissed by order of the Director and the Director shall give the complainant notice of his or her right to seek review of the dismissal order before the Commission or commence a civil action in the appropriate circuit court. If the complainant chooses to have the Human Rights Commission review the dismissal order, he or she shall file a request for review with the Commission within 90 days after receipt of the Director's notice. If the complainant chooses to file a request for review with the Commission, he or she may not later commence a civil action in a circuit court. If the complainant chooses to commence a civil action in a circuit court, he or she must do so within 90 days after receipt of the Director's notice."

775 ILCS 5/7A—102(D)(3) (West 2010).

**1. Jurisdiction was established at the time of filing**

Plaintiff specifically referenced Section 14(b) of the Age Discrimination in Employment Act, which is equally applicable to the Americans with Disabilities Act:

> (a) Federal action superseding State action
> Nothing in this chapter shall affect the jurisdiction of any agency of any State performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any State action.
>
> (b) Limitation of Federal action upon commencement of State proceedings
> In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated. . . .

29 U.S.C. § 633.

Thus, by the plain language of the ADA, it would seem that the federal court's jurisdiction is established, and cannot be subverted by a state statute or procedural rule. The only way the original jurisdiction could be subverted would be through some judicial abstention doctrine.

**2. Further addressing the plain language of the Illinois Human Rights Act's timing prohibition**

As established by the Defendants' original motion to dismiss, Plaintiff indeed filed a civil action in the Circuit Court of Cook County on December 3, 2012. Thereafter she forwarded a copy of the

4

complaint as filed to the Illinois Department of Human Rights. Def. Mot. To Dismiss Exhibit C, Doc. # 13-2, p. 27 - 37. The Illinois Department of Human Rights received the copy of the complaint, Doc #13-2, p. 32, on December 6, 2012, Doc #13-2, p. 27. Defendants later transferred the matter to federal court. Thus, in the strictest sense, jurisdiction was established at the time of filing, and Plaintiff indeed observed the mandate of the statute. The Illinois Department of Human Rights, upon receiving a copy of the complaint filed before the Circuit Court of Cook County failed to proceed in accordance with the mandates of the Illinois Human Rights Act[1] and its own administrative rules, *see Ballard v. Commissioner*, 544 U.S. 40, 125 S. Ct. 1270, (2005), and that failure cannot work to Plaintiff's detriment.

Moreover, reading the mandate of 102(D)(3) in pari materia with 102(G)(4) (*see note 3 supra*) it is apparent that the Illinois legislature acknowledged the inferior jurisdiction of the Illinois Human Rights Commission. That is, once the administrative proceedings in the Illinois Department of Human Rights are stayed by state law, the parallel proceedings would be allowed to proceed to conclusion potentially implicating res judicata.

## 3. Well-established case law stands for the proposition that Plaintiff can split claims at the risk of res judicata

Plaintiff agrees that the cases cited by Defendants are instructive but must find fault with the interpretation ascribed. While the cases cited provide proper context for the application of claim splitting doctrines of res judicata and issue preclusion (only after a final judgment on the merits – which is why Plaintiff's original response brief focused on these issues), they do not support the offensive use of those doctrines to rob a federal court of jurisdiction. Indeed, *Rogers v. Desiderio*,

---

[1] Specifically, "[t]he Department shall stay any administrative proceedings under this Section after the filing of a civil action by or on behalf of the aggrieved party under any federal or State law seeking relief with respect to the alleged civil rights violation." 775 ILCS 5/7A—102(G)(4) (West 2010).

5

which Defendants rely upon for the seemingly strict proposition that Plaintiff's claims must be "driven to the state forum" does not stand for that proposition in this context. In *Rogers*, the plaintiffs had sought review in the circuit court of an administrative agency decision and filed a federal suit challenging the constitutionality of the state law at issue. 58 F.3d 299, 300 (7th Cir. 1995). The circuit court had upheld the agency decision and the plaintiffs had timely appealed. The Seventh Circuit wrestled with the question of whether the state court's decision to uphold an administrative agency decision operated as res judicata and foreclosed the federal lawsuit. The court determined that it was not proper to apply res judicata even after the administrative agency decision had been upheld by a state court because the action was still under appellate review.[2] *Id.* at 302; *see also Ellis v. Board of Jewish Educ.*, 722 F. Supp. 2d 1006 (N.D. Ill. 2010). The remaining cases fail to support Defendant's arguments for the same reason – they do not support the offensive use of claim preclusion. Even *Ayala v. Advocate Good Samaritan Hosp.*, if this Court is inclined to follow it, is premised on different procedural facts: (1) the plaintiff in that matter had a complaint filed with the Illinois Human Rights Commission, not a request for review[3] (the difference being the procedural rights that follow); and (2) even then the court did not hold that federal court lost jurisdiction over federal claims.

Add to this the fact that the context under which plaintiffs must be "driven to the state forum" as referred to in *Rogers* dicta are specifically those involving policy concerns implicated by an abstention

---

2  Instructively, the Court stated "To be blunt, we have no idea what the law of Illinois is on the question whether a pending appeal destroys the claim preclusive effect of a judgment. Under the circumstances, a stay rather than immediate decision is the prudent course. A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion. It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion." *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995).

3  The difference being the procedural rights that follow:  a complaint before the commission leads to an adversarial proceeding, Ill. Admin. Code Title 56, Subpart F; a request for review has no such guarantees,  Ill. Admin. Code Title 56, Subpart D.

6

doctrine. *Rogers* at 301 (concerned with *Burford* abstention when making the above-referenced statement, but going on to make a holding on unrelated grounds); *see also New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 109 S. Ct. 2506 (1989).

Moreover, none of the cases cited stand for the proposition that a plaintiff cannot file in multiple fora. *Rogers*, through strong language, merely points out the reasons that claim-splitting is ill-advised and undertaken at the risk of preclusion in one forum.[4] Nor have any of the cases cited allowed the offensive and anticipatory use of claim-splitting doctrines. And, for the reasons noted in Plaintiff's original Response Brief, Doc. # 23, there is no potential for claim-splitting doctrines to apply.

**B. The Illinois Human Rights Commission does not have jurisdiction over the cause of action.**

It appears that the case remains in the procedural posture that it was in before being transferred to federal court. And that the only way Plaintiff could have guaranteed the opportunity for adversarial proceedings was to file this action. See 775 ILCS 5/8—103(B) (West 2010) (" . . . .In its discretion, the Commission may designate a hearing officer to conduct a hearing into the factual basis of the matter at issue."). In fact, by filing in the Circuit Court of Cook County Plaintiff effectively preserved her claims against the right-to-sue letter's 90-day a procedural bar to future litigation.

**Conclusion**

Because of the procedural posture of the case, and the fact that the dismissal would only serve as a delay to the Plaintiff's day in court, Plaintiff respectfully requests that this Court reconsider its Order dismissing the state and federal civil rights claims and reverse the order in its entirety.

---

4 Plaintiff's is a special case procedurally for the reasons stated above so that the potential outcome (administrative review absent any adversarial proceedings) necessitated dual filings to guarantee access to whatever forum would allow sufficient proceedings. Moreover, the fact that the request for review could end in a non-adjudicative dismissal means that claim preclusion may never be implicated.

7

Respectfully submitted,


/s/Johnny Douglas
Johnny Douglas
Attorney for plaintiff