IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCIE ABERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-10181 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| BOARD OF EDUCATION OF THE CITY ) | |
| OF CHICAGO, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion for reconsideration and for leave to file Plaintiff's first amended complaint [22]. For the reasons stated below, the Court grants in part and denies in part Plaintiff's motion [22]. Specifically, the Court grants Plaintiff's motion for reconsideration and orders that this civil case be reinstated. The Court denies her request to file an amended complaint. Plaintiff's motion sets forth no basis to allow an amended complaint, nor does Plaintiff attach the proposed amended complaint to her motion. To the extent that Plaintiff still wishes to request leave to file an amended complaint, she must do so in an appropriate motion, setting forth a basis for allowing the amendment and attaching the proposed amended complaint to the motion.

**STATEMENT**

In March 1987, Plaintiff Marcie Aberman was hired as a mathematics teacher at Nicholas Senn High School ("Senn") in Chicago, Illinois. On March 21, 2011, Aberman received an "unsatisfactory" performance rating from Senn's new principal, Defendant Susan Lofton, and was assigned to the teacher reassignment pool on July 8, 2011. Aberman has an auditory impairment and is over the age of 40. On July 20, 2011, Aberman filed a charge with the Illinois Department of Human Rights ("IDHR") against Lofton and Defendant Board of Education of the City of Chicago, alleging age and disability discrimination. Aberman claimed that she was given an unsatisfactory evaluation, forced to take involuntary leave, and placed in the reassigned teacher pool. On August 28, 2012, the IDHR issued a Notification of Dismissal for Lack of Substantial Evidence. On December 3, 2012, Aberman filed a Request for Review of the dismissal with the Illinois Human Rights Commission. She also filed the instant complaint in the Circuit Court of Cook County, Illinois, seeking redress for her Illinois Human Rights Act (IHRA) claims and other state and federal claims. Defendants removed the matter to federal court.

1

Defendants, relying on the Illinois Human Rights Act ("IHRA"), moved to dismiss Plaintiff's complaint, arguing that because Aberman elected to proceed before the IHRC, she could not commence an action in the Circuit Court of Cook County (which was subsequently removed to this court). The Court agreed and granted Defendants' motion to dismiss, as the Illinois Human Rights Act ("IHRA") statutory scheme expressly states that "[i]f the complainant chooses to file a request for review with the Commission, he or *she may not later commence a civil action in a circuit court*." 775 ILCS 5/7A—102(D)(3) (emphasis added).[1] The Illinois Appellate Court has read the statute as giving a plaintiff the choice of whether to proceed before the Commission or in circuit court, but not both: "The Department wrote that plaintiff could do either of two things with respect to those dismissed claims: she could ask the Commission to review the dismissal, or she could commence a civil action in circuit court within 90 days. * * * * Plaintiff took the judicial route." *Mowen*, 2013 WL 1914323 at *1-2; see also *Dookeran v. County of Cook, Ill.*, 719 F.3d 570, 582 (7th Cir. 2013) (Hamilton, J., dissenting) ("The Illinois Human Rights Act was amended effective in 2008 * * * to allow employees to choose between administrative adjudication before the IHRC and a circuit court."). The construction by both the Illinois Appellate Court and the Seventh Circuit aligns with the plain language of the statute and makes clear that Aberman could proceed with her discrimination claims in one of two ways, not both.

Thus, if Aberman first elected to proceed before the Commission, she forewent her right to commence a civil action in circuit court to litigate her discrimination claims. However, in her motion for reconsideration, Plaintiff clarifies that she *first* filed suit in state circuit court on December 3, 2012, and *then* subsequently forwarded a copy of the state court complaint to the IDHR, informing the IDHR of the state court cause of action and seeking review from the Commission. This elaboration would have been helpful in response to Defendants' motion to dismiss—instead of Plaintiff's focus on exhaustion, parallel filings, abstention, and preclusion in lieu of discussing 775 ILCS 5/7A-102(D)(3)—but now that the timeline of events has been clarified, Plaintiff may proceed with this lawsuit, as it was not commenced after a request for

---

[1] Section 7A–102(D)(3) of the IHRA describes what happens if the director determines that there is no substantial evidence of a civil rights violation, as happened with Aberman's charge and Notice of Dismissal:

> (3) If the Director determines that there is no substantial evidence, the charge shall be dismissed by order of the Director and the Director shall give the complainant notice of his or her right to seek review of the dismissal order before the Commission or commence a civil action in the appropriate circuit court. If the complainant chooses to have the Human Rights Commission review the dismissal order, he or she shall file a request for review with the Commission within 90 days after receipt of the Director's notice. If the complainant chooses to file a request for review with the Commission, he or she may not later commence a civil action in a circuit court. If the complainant chooses to commence a civil action in a circuit court, he or she must do so within 90 days after receipt of the Director's notice."

775 ILCS 5/7A—102(D)(3) (West 2010); see also *Mowen v. Department of Veterans Affairs*, 2013 WL 1914323, at *4 (Ill. App. Ct. 2013).

review with the Commission. And, as Plaintiff indicated in her motion to reconsider, she no longer has any action pending or stayed with the Commission.

For the reasons set forth above, the Court grants Plaintiff's motion to reconsider [22] and reinstates her civil lawsuit, which was originally filed in the Circuit Court of Cook County, but was properly removed to this Court. The Court denies her request to file an amended complaint. To the extent that Plaintiff still wishes to seek leave to amend her complaint, she must do so in an appropriate motion, setting forth a basis for allowing the amendment and attaching the proposed amended complaint to the motion.

Dated: January 28, 2013

_____
Robert M. Dow, Jr.
United States District Judge