IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCIE ABERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 C 10181 |
| ) | |
| BOARD OF EDUCATION, ) | Judge Dow |
| OF THE CITY OF CHICAGO, *et. al.* ) | Magistrate Judge Schenkier |
| ) | |
| Defendants. ) | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Board of Education of the City of Chicago ("Board") and Susan Lofton ("Lofton") (Board and Lofton jointly referred to as "Defendants"), by their attorneys, move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Counts III, V, VI, VIII, IX and X in their entirety; Counts I and II to the extent Plaintiff failed to exhaust administrative remedies; and Counts IV as to Lofton only. In support of their motion, Defendants state as follows:

**Introduction**

Plaintiff filed her original Complaint in this matter on December 3, 2012. (Docket #1). Plaintiff filed her First Amended Complaint ("FAC") on April 2, 2014. (Docket #33). Plaintiff's First Amended Complaint contains ten counts: Count I – age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Illinois Human Rights Act ("IHRA") against the Board; Count II – disability discrimination in violation of the IHRA and the Americans with Disabilities Act ("ADA") against the Board; Count III – violations of the Rehabilitation Act Section 504 against the Board and Lofton; Count IV – violations of the Family Medical Leave Act ("FMLA") against the Board and Lofton; Count V – Fourteenth Amendment due process against the Board and Lofton; Count VI – Fourteenth Amendment and Illinois Constitution Article II substantive due process against the Board and Lofton; Count VII – breach of contract against the

Board; Count VIII – intentional interference with contractual relations against Lofton; Count IX – mandamus under Illinois School Code Section 34-85; and Count X – negligent supervision against the Board.

First, counts I (age discrimination) and II (disability discrimination) should be dismissed to the extent Plaintiff failed to exhaust her administrative remedies for her failure to accommodate and rehire claims. Second, count III is barred by the statute of limitations. Third, counts III and IV should be dismissed as to Lofton as Plaintiff cannot bring claims under the Rehabilitation Act or FMLA against an individual defendant. Third, counts V and VI are barred by the statute of limitations and her procedural due process claim is precluded by available post-deprivation remedies. Fourth, Count VIII should be dismissed because the IHRA preempts Plaintiff's intentional interference with contractual relations claim, because Plaintiff fails to state a claim and because Lofton is immune under the Illinois Tort Immunity Act ("ITIA"). Fifth, mandamus relief is not appropriate. Sixth, Count X should be dismissed because it is barred by the statute of limitations of the ITIA.

## Standard of Review

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in a light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## Argument

**I.     Counts I and II must be dismissed as to Plaintiff's claims of failure to accommodate and failure to rehire.**

Counts I and II of Plaintiff's First Amended Complaint allege age and disability discrimination under four separate theories: (1) intentional discrimination; (2) failure to

2

accommodate; (3) disparate impact; and (4) failure to rehire.  (FAC Count I, n. 1 and Count II, n. 2).[1]

Before filing suit in federal court under the ADA and ADEA, a plaintiff must file a timely charge with the EEOC.  *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006); *Gorence v. Eagle Food Ctrs.*, 242 F.3d 759, 763 (7th Cir. 2001).  *See also* 29 U.S.C. § 626(d), (e); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(b), (e), & (f).  After receiving a right to sue letter for the ADA claim, a plaintiff has 90 days to bring suit in federal court. 42 U.S.C. § 2000e–5(f)(1). An ADEA plaintiff must wait 60 days from the date she initiated her EEOC charge before filing suit in federal court. All of these statutory requirements must be satisfied as preconditions to bringing suit – failure to do so is grounds for dismissal. *Travis v. Cook-DuPage Transp.*, No. 11 C 6090, 2012 WL 1284022, *3 (N.D. Ill. Apr. 16, 2012) (dismissing complaint for failure to exhaust administrative remedies). *See also Huri v. Circuit Court of Cook County*, No. 11 C 3675, 2012 WL 1431268 (N.D. Ill. Apr. 25, 2012) (granting motion to dismiss for failure to exhaust administrative remedies).

Plaintiff also brings her age and disability discrimination claims pursuant to the IHRA.  Like their federal statutory counterparts, Plaintiff must exhaust administrative remedies for her age and disability discrimination claims brought pursuant to the IHRA. *See Elgin v. Waste Mgmt. of Ill., Inc.*, 348 Ill.App.3d 929, 935 (2nd Dist. 2004).

The EEOC and the Illinois Department of Human Rights ("IDHR") have a work sharing agreement which provides for dual filing in both agencies, unless the complainant opts out.  A charge filed with the EEOC is deemed to be filed with IDHR as well. *See Garcia v. Vill. of Mount*

---

[1] Plaintiff also alleges "failure to engage in the interactive process" as a theory of liability for her ADA claim (Count II). The failure to engage in the interactive process, however, is not an independent basis of liability under the ADA, and that failure is only actionable if it prevents identification of an appropriate accommodation for a qualified individual. *Basden v. Professional Transp., Inc.*, 714 F.3d 1034, 1039 (7th Cir. 2013). Here, Plaintiff failed to exhaust her administrative remedies for her failure to accommodate, including any alleged failure to engage in the interactive process.

*Prospect*, 360 F.3d 630, 642-43 n. 13 (7th Cir. 2004). Thus, Plaintiff's state and federal age and disability discrimination claims are based on the factual allegations contained in her EEOC charge of discrimination. (FAC Ex. H). Plaintiff received right-to-sue letters from both the EEOC and IDHR. (FAC Ex. G and H). Plaintiff's EEOC charge, however, does not include failure to accommodate or failure to rehire claims. Rather, Plaintiff charges only that she was discriminated against based on her disability and age in being "forced on a medical leave of absence" and reassigned to a less desirable position. (FAC Ex. H).

"The Seventh Circuit made clear in *Green* that a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA. In fact, the two types of claims are analyzed differently under the law. Therefore, they are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability." *Beard v. Don McCue Chevrolet*, No. 09 C 4218, 2012 WL 2930121, *10 (N.D. Ill. July 18, 2012) (citing *Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898); *Williams v. City of Chicago,* No. 11 C 1118, 2012 WL 205908, *1–3 (N.D. Ill. Jan. 24, 2012) (dismissing an ADA accommodation claim for failure to exhaust administrative remedies); *Kaplan v. New Trier High Sch.,* No. 11 C 981, 2011 WL 2148936, *3 (N.D. Ill. May 31, 2011) (holding that a failure to accommodate claim exceeded the scope of an EEOC charge that alleged only disability discrimination); *Baker v. Potter,* No. 02 C 525, 2005 WL 843169, *10 (N.D. Ill. Jan. 20, 2005) ("A complaint of disparate treatment and retaliation would not naturally lead into an investigation of a failure to accommodate."). Plaintiff's EEOC charge alleged age and disability discrimination but did "not so much as hint at a failure to accommodate his disability." *Id.*

Likewise, an employer's decision to place an employee on medical leave or to reassign her is a separate and distinct act from a subsequent decision not to rehire that employee. *See Oxman v.*

4

*WLS-TV*, 12 F.3d 652, 660-61 (7th Cir. 1993) (lawsuit's failure-to-rehire claim not reasonably related to EEOC termination claim); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) (same); *Salvato v. Illinois Dept. of Human Rights*, No. 93 C 6031, 1997 WL 12793, *3 (N.D. Ill. Jan., 10, 1997) (failure-to-rehire and discriminatory discharge are separate and distinct); *Eckhardt v. NSI Elec. Contractors, Inc.*, 2005 WL 1387625, *14-15 (E.D. Wis. June 9, 2005) (plaintiff's administrative charge of age discrimination based on his demotion, reduced salary and termination did not provide indication of failure to rehire).

Accordingly, the Court should dismiss with prejudice Plaintiff's failure to accommodate and failure to rehire claims contained in Counts I and II.

## II. Plaintiff's Rehabilitation Act claim is barred by the statute of limitations.

While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *Logan v. Wilkins,* 644 F.3d 577, 582 (7th Cir. 2011). Here, Plaintiff pleads the dates that bar her claims. Plaintiff alleges that she was found to be "unfit for duty" in April, 2011 (FAC ¶ 26) and that the Board denied her request for a reasonable accommodation on September 23, 2011 (FACT ¶ 42). Plaintiff pleads an employment discrimination claim under §504 of the Rehabilitation Act for the first time in her First Amended Complaint, filed on April 2, 2014.

If a federal civil rights statute does not impose its own specific statute of limitations, then a court should borrow the statute of limitations from the applicable state governing personal injury suits. *Cheeney v. Highland Community College*, 15 F.3d 79, 81-82 (7th Cir. 1994). Such is the case with the Rehabilitation Act; thus, Illinois' two year personal injury statute of limitations applies. *See Id.* at 81 (applying two year limitations period to claim under §504 of the Rehabilitation Act); *see also* Ill. Stat.

ch. 110, ¶ 13-202 (2008). Here, the statute of limitations expired on September 23, 2013, 6 months prior to the filing of her First Amended Complaint. Count III should be dismissed with prejudice.

### III. Plaintiff cannot bring her Rehabilitation Act or FMLA claims against Lofton.

#### A. Rehabilitation Act

It is well established in this circuit that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995). Moreover, §504 of the Rehabilitation Act incorporates the liability standards in Title I of the ADA. *See* 29 U.S.C. § 794(d) ("The standards used to determine whether [§504] has been violated in a complaint alleging employment discrimination shall be the standards applied under Title I of the Americans with disabilities Act of 1990 (42 U.S.C. 12111 *et seq.*)"); *see also Myers v. Hose*, 50 F.3d 278, 281 (4th Cir. 1995); *Haltek v. Village of Park Forest*, 864 F.Supp. 802, 803 (N.D. Ill. 1994). Thus, only "employers" may be held liable under the Rehabilitation Act. *Cebuhar v. Dept. of Alcoholism and Substance Abuse*, No. 96 C 7363, 1997 WL 222871, *3 (N.D. Ill. April 27, 1997). Here, there is no suggestion that Lofton is an "employer" under the Rehabilitation Act, and thus, cannot be held individually liable. Count III should be dismissed as to Lofton with prejudice.

#### B. FMLA

The Court also should dismiss Plaintiff's FMLA claim (Count IV) against Lofton because Lofton is not an employer as defined under the FMLA. In *Lombardi v. Board of Trustees Hinsdale School District 86*, 463 F.Supp.2d 867, 870 (N.D. Ill. 2006) (Zagel, J.), a teacher sued his principal for allegedly violating the FMLA. The court examined 29 U.S.C. §2618 of the FMLA and found that it created special rules for local educational institutions. In determining that §2618 created "special rules" only for schools, one of which was an alternative definition of "employer," the court concluded that "it is readily apparent that the special definition of 'employer'. . . in the local

6

education context does not countenance suits against individual defendants . . . and Congress did not envision individuals being included." *Id.* at 871.

The *Lombardi* court reached this conclusion after carefully examining statutory construction and noting that "very few federal courts have ever even cited to this code section, and … no record of a court deciding this discrete question [could be found]." *Id.* at 870. The court also recognized that the other judges in the Northern District of Illinois had found individual liability for FMLA violations but distinguished them because they did not involve schools. *Id.*, but see *Cooley v. Board of Educ. of the City of Chicago*, 703 F.Supp.2d 772 (N.D. Ill. 2009) (Shadur, J.) (disagreeing with the *Lombardi* Court and holding that FMLA does not create special rules for the definition of "employer" in the school setting). Lofton urges this court to follow the well reasoned decision in *Lombardi* and dismiss with prejudice Count IV as to Lofton.

**IV.     The Court should dismiss Counts V and VI in their entirety because Plaintiff's claims are not actionable.**

In Counts V and VI, Plaintiff brings a claim for violation of her procedural and substantive due process rights under the United States and Illinois Constitutions. (FAC ¶¶ 88-102). Plaintiff cannot bring a direct constitutional action against a municipal body or individuals. A plaintiff must use 42 U.S.C. §1983 in order to bring such a claim. *Bieneman v. City of Chicago*, 662 F.Supp. 1297, 1299-1300 (N.D. Ill. 1987). *See also Flores v. City of Chicago*, 682 F.Supp. 950 (N.D. Ill. 1988) ("Section 1983 provides a cause of action against municipalities and municipal employees acting in their official capacities, and the availability of this statutory remedy precludes direct claims under the constitution."). "[A] plaintiff cannot maintain a direct constitutional claim against any individual defendants when a § 1983 claim is available." *Cross v. City of Chicago*, No. 91 C 1891, 1991 WL 222146, \* 3 (N.D. Ill. Oct. 21, 1991). S*ee also Young v. Will County Dept. of Public Aid*, No. 86 C 5278, 1987 WL 28262, \*2 (holding that state and municipal defendants, such as Will County Department

of Public Aid workers, could not be sued directly under the Constitution). Accordingly, Plaintiff's claims in Counts V and VI must be dismissed as impermissible attempts directly to sue Defendants under the Constitution.

V. **Alternatively, the Court should dismiss Count V in its entirety because Plaintiff's claims are precluded by the availability of adequate post-deprivation remedies.**

Plaintiff's procedural due process claim in Count V is that she was "removed" from her teaching position without the process due her as a tenured teacher under the Illinois School Code. Although it is not clear whether Plaintiff attempts to assert that the Board did not follow its fitness for duty rules prior to "terminating" Plaintiff or whether she claims that the Board did not follow the "E-3" remediation procedures the Board uses to remediate teachers who were rated unsatisfactory prior to her "termination," the Court should deny her claim because she has adequate state law remedies.[2]

In *Anderson v. Board of Education of the City of Chicago*, No. 03 C 7871, 2004 WL 1157824, *1-3 (N.D. Ill. May 21, 2004), this court found in circumstances similar to Plaintiff's that the plaintiffs could not make procedural due process claims. In that case, the Board had required two tenured teachers to submit to medical examinations for fitness for duty. After obtaining the results of medical examinations, the Board then placed the teachers on involuntary medical leaves. *Anderson v. Board of Education of the City of Chicago*, No. 03 C 7871, 2004 WL 1157824, *1-3 (N.D. Ill. May 21, 2004). One of the teachers, Pedraza, later submitted evidence from medical experts she claim disputed the Board's experts' findings. *Id.* The Board did not take the recommendation of

---

[2] Plaintiff notes in her statement of facts that Lofton visited her classroom several times to observe her teaching. (FAC ¶¶ 16-18). She notes that on the date of the final evaluation, Lofton informed Plaintiff that she would be required to undergo a fitness for duty evaluation. (FAC ¶ 19). In her procedural due process claim, Plaintiff asserts that Lofton "negatively evaluated" Plaintiff and that this negative evaluation caused her "removal" from the Board. (FAC ¶ 91). In the body of her procedural due process claim, Plaintiff refers for in passing to having received an "unsatisfactory rating."

8

Pedraza's expert and sustained the finding that the plaintiff should remain on leave. *Id.* The other plaintiff, Anderson, refused to submit to an independent, tie-breaker medical examination, instead demanding "a due process hearing in accordance with her rights provided to tenured teachers." *Id.* *2. The Board did not provide such a hearing. *Id.* The plaintiffs claimed that their due process rights had been violated.

The court noted that to determine whether a due process action under Section 1983 was proper, the court must ask two questions: 1) is the actor's conduct random and unauthorized? and 2) does an adequate state law remedy exist to remedy the loss? *Id.* *3. If the answer to each question is yes, the plaintiff cannot bring a procedural due process claim. *Id.* In analyzing the first question, the court stated that the Illinois School Code required that the Board take certain proscribed steps before removing a teacher. *Id.* *4 (citing 105 ILCS 5/34-85). The court also noted that the plaintiffs had alleged that the defendants' conduct was contrary to Illinois law. *Id.* The court held that based on the plaintiffs' allegations, the defendants' conduct was random and unauthorized. *Id.* *4 (citing *Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003); *Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996)).

Here, Plaintiff makes the same claim the *Anderson* plaintiffs made. She alleges Defendants acted contrary to the Illinois School Code by "terminating"[3] her without using the proper pre-deprivation procedures. (FAC ¶ 93). Plaintiff claims that the Board and Lofton wrongfully denied her a tenured teacher dismissal hearing under the Illinois School Code. As such, Plaintiff alleges that the conduct leading to the "termination" was "random and unauthorized," as did the plaintiffs in *Anderson*.

---

[3] Plaintiff was not terminated, but was placed in the reassigned teacher pool following a drop in enrollment at Nicholas Senn High School.

9

As to the second question regarding the Plaintiff's *prima facie* case, the *Anderson* court found that an adequate post-deprivation remedy was available to the plaintiffs: they could raise the procedural due process challenge through a writ of *certiorari* or through mandamus. 2004 WL 1157824, *4. The filing of a common law petition for writ of *certiorari* provides a plaintiff a meaningful opportunity to challenge and review the administrative decision to terminate an employee. *See Stover v. City of Northlake*, No. 90 C 4829, 1991 WL 86105 (N.D. Ill. May 15, 1991) (holding that common law writ of *certiorari* was a "sufficient and meaningful state post deprivation remed[y]" for claim of due process violation). Similarly, in *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 536 (7th Cir. 2008), the court held that a fire fighter could not bring a due process claim because he could have pursued remedies under the Illinois Administrative Review Act, 735 ILCS § 5/3-101, *et seq. Accord Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) ("Illinois law afforded [the plaintiff] all the process he was due . . . [through] administrative review of the Board's final decision under the Illinois Administrative Review Act.").[4] Here, Plaintiff could have taken any of these actions, which are adequate post-deprivation remedies for her procedural due process claim.

Accordingly, because adequate post-deprivation remedies exist to remedy the allegedly "random and unauthorized" acts of Defendants, the court should dismiss Count V in its entirety.

**VI.    Plaintiff's intentional interference with a contract claim should be dismissed.**

   **A.    The IHRA preempts Plaintiff's claim for intentional interference.**

The IHRA preempts any state or common law claims that are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself."

---

[4]The Administrative Review Act applies to a final agency decision, including a "coerced resignation," regardless of whether a hearing has taken place. *See Ross v. City of Freeport*, 319 Ill. App. 3d 835 (2d Dist. 2001) (noting that the state trial court had reviewed a plaintiff's claim under the Administrative Review Act after the relevant administrative agency refused to provide a hearing); *Graehling v. Vill. of Lombard*, No. 94 C 4084, 1994 WL 698525, *10 n.4 (N.D. Ill. Dec. 12, 1994) (noting that if the plaintiff police officer wished to challenge the finding that he had resigned, he could have sought review under the Administrative Review Act).

*Blount v. Stroud*, 232 Ill.2d 302, 313 (Ill. 2009); *Jones v. Sabis Educ. Sys., Inc.*, No. 98 C 4252, 1999 WL 1206955, *9 (N.D. Ill. Dec. 13, 1999) (explaining that "Illinois state courts and federal courts exercising supplemental jurisdiction over Illinois state claims lack subject matter jurisdiction over" claims preempted by the IHRA).

Here, if the conduct Plaintiff alleges in the intentional interference claim is not discriminatory, she has no basis for her claim of intentional interference with a contract. Plaintiff's allegations are based on the same facts as her claims of age and disability discrimination. Accordingly, Plaintiff's tortious interference charge cannot stand alone without the improper motivation prohibited by the Human Rights Act, and the claim is inextricably linked to the Human Rights Act, which provides an exclusive remedy. *Nanda v. Board of Trustees of University of Illinois*, 219 F. Supp. 2d 911, 916 (N.D. Ill. 2001) (citing *Welch v. Illinois Supreme Court*, 322 Ill.App.3d 345 (3rd Dist. 2001)). Thus, the Court should dismiss Count VIII with prejudice.

### B.    Plaintiff cannot state a claim for tortious interference against Lofton.

A company's "employees, officers, and directors through whom the company acts" are included in the definition of a "party." *See Quist v. Bd. of Trustees of Community College Dist. No. 525*, 258 Ill.App.3d 814, 821 (3rd Dist. 1994). Accordingly, corporate officers, like Lofton "cannot be held liable for tortuously interfering with a contract of their employer as long as [their actions] are 'in accord with [their] usual and customary duties on behalf of the corporation.'" *Borowski v. DePuy, Inc.*, 850 F.2d 297, 302-03 (7th Cir. 1988) (quoting *Worrick v. Flora*, 272 N.E.2d 708, 711 (Ill.App.Ct. 1971)). This conditional privilege disappears, however, when a corporate employee "induce[s] [a] breach to further [her] personal goals or to injure the other party to the contract, *and* act[s] contrary to the best interest of the corporation." *Nation v. American Capital, Ltd.*, 682 F.3d 648, 653 (7th Cir. 2012) (citing *George A. Fuller Co. v. Chicago Coll. of Osteopathic Medicine*, 719 F.2d 1326, 1331 (7th Cir.

11

1983) (emphasis in original)); *Cashen v. Integrated Portfolio Management*, No. 08 C 268, 2008 WL 4976210, *5 (N.D. Ill. Nov. 20, 2008) (Dow, J.) (quoting *Swager v. Couri*, 77 Ill.2d 173, 190 (Ill. 1979)) (conditional privilege disappears "when the breach is induced 'without justification or maliciously'"). Thus, plaintiff is "required to allege that [Lofton] lacked justification to cause [the Board] to breach the contract." *Cashen*, 2008 WL 4976210, *5.

Plaintiff's complaint does not include allegations to satisfy the heightened requirements necessary to plead a claim of tortious interference with contract against a corporate officer. In fact, Plaintiff's claims against the Board are generally predicated on the notion that Lofton is an agent of the Board and acted in her capacity as Plaintiff's supervisor. Further, Plaintiff has alleged neither that Lofton acted contrary to the Board's interest, nor that she acted for personal gain or out of animosity towards Plaintiff. *See Fuller*, 719 F.2d at 1333.

Plaintiff's allegations that Lofton conducted multiple classroom observations and discussed her concerns related to how Plaintiff's hearing loss affects her ability to teach (FAC, ¶¶ 16-18) are clearly actions of a principal acting within the scope of her employment. As such, Plaintiff pleads not that Lofton was acting contrary to the Board's interests, but that she was an "agent[] of the Board, and acting on its behalf." *See Lombardi*, 463 F.Supp.2d at 873. Therefore, the Court should dismiss Count VIII with prejudice.

### C. The tortious interference claim is barred by the Illinois Tort Immunity Act.

Additionally, Lofton is immune from allegations of violations of the Illinois Constitution and any common law violations, under the Illinois Tort Immunity Act ("ITIA"), 745 ILCS §10/2-201. The ITIA states, in pertinent part: "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of

12

such discretion, even though abused." 745 ILCS §10/2-201. Thus, Lofton will be immune from liability for any such discretionary acts. As the Seventh Circuit has noted:

> While there are most likely guidelines in hiring, training and supervising employees, all three acts still require discretion, balancing of interests, and judgment calls. Additionally, the Illinois Supreme Court has considered actions towards one person to be under its umbrella of policy determinations. *Harrison v. Hardin County Community Unit School Dist. No. 1*, 197 Ill.2d 466, 474 (Ill. 2001).

*Reed v. City of Chicago*, No. 01 C 7865, 2002 WL 406983, *2 (N.D. Ill. Mar. 14, 2002) (citing *Harrison*, 197 Ill.2d at 474 (finding decision to deny student's request to leave school early due to weather involved policy determination)); *see also Doe v. V.*, No. 02 C 7680, 2008 WL 4450317, *7-11 (Sept. 30, 2003) (Dow, J.) (shielding Village President, Village and Board from liability pursuant to Sections 2-201 and 3-108 for recklessly hiring, negligently supervising, and wrongfully retaining the Fire Chief). Further, in *Goldberg v. Brooks*, the Illinois Appellate Court stated that "the absolute privilege of government employees acting within the scope of their duties has been applied to virtually every common law tort," and the court refused to allow a plaintiff to amend his complaint to include a tortious interference with contract claim against a school district and its employees based on the employees' complaints about the plaintiff's job performance. 948 N.E.2d 1108, 1116 (Ill.App.Ct. 2011). Similarly, Lofton placing Plaintiff on a remediation plan (due to poor teaching performance) and recommending her for a fitness for duty evaluation invokes the exercise of discretion. Therefore, Lofton is entitled to immunity from Plaintiff's tortious interference with contract claim.

**VII. Mandamus relief is not appropriate.**

Plaintiff seeks a writ of mandamus requiring her reinstatement; however,"[a] mandamus action is not an appropriate means for seeking judicial review of an administrative proceeding." *Newsome v. Illinois Prison Review Board*, 333 Ill.App.3d 917, 920 (4th Dist. 2002). Mandamus will be granted only if a plaintiff can establish: (1) a clear, affirmative right to relief; (2) a clear duty of the

public officer to act; and (3) clear authority in the public officer to comply. *People ex rel. Waller v. McKoski*, 195 Ill.2d 393, 400-01 (Ill. 2001); *1350 Lake Shore Associates v. Hill*, 326 Ill.App.3d 788, 794 (1st Dist. 2001) ("The issuance of a writ of mandamus is appropriate only where the plaintiff shows a clear, affirmative right to the requested relief, a clear duty to act on the defendant's part, and clear authority in the defendant to comply with the writ."). Plaintiff has not identified any "clear duty" the Board must execute. In fact, her claim for mandamus does not even assert a "clear right." It is cryptic and confusing: she states that Lofton "exercised undue influence" over the doctor who evaluated Plaintiff for her fitness for duty. (FAC ¶ 120). Plaintiff also states that Defendants "effectuated [her] removal" by improperly using disciplinary procedures and "personnel records systems." (FAC ¶ 121). Nothing about Count IX is clear and should be dismissed.

**VIII. Plaintiff's negligent supervision claim is barred by the statute of limitations.**

Because the Board is a "local public entity" as defined in Section 1-206 of the ITIA, the immunities and statutes of limitations set forth in the ITIA apply to civil actions filed against the Board. 745 ILCS 10/1-206. Section 8-101 of the ITIA establishes a one year statute of limitations for civil actions commenced against a local entity, such as the Board. 745 ILCS 8-101. Further, the Illinois Supreme Court confirmed that "the comprehensive protection afforded by section 8-101 necessarily controls over other statutes of limitations." *Paszkowski v. Metro Water Reclamation Dist. of Greater Chicago*, 2013 Ill.2d 1, 13 (Ill. 2004). Consequently a one year statute of limitations applies to Plaintiff's negligent supervision claim.

Plaintiff brought her negligent supervision claim for the first time in her First Amended Complaint, filed on April 2, 2014. (Docket #33). The negligent supervision claim is predicated on Lofton's alleged conduct during the 2010-2011 school year. (FAC, ¶¶ 16-31). Plaintiff's negligent

supervision claim was filed more than 2 ½ years later, far exceeding the one year statute of limitations, and should be dismissed with prejudice.

## Conclusion

Defendants respectfully request that the Court grant their motion and dismiss Counts III, V, VI, VIII, IX and X in their entirety, Counts I and II in part, and Count IV as to Lofton, and grant all other relief it deems just.

Respectfully submitted,

By: s/ Kathleen D. Crawford
Kathleen D. Crawford
Board of Education for the City of Chicago
125 South Clark Street, Suite 700
Chicago, IL 60603
(773) 553-1700
Attorney for Defendant Lofton

s/ Linda Hogan
Linda Hogan
Board of Education for the City of Chicago
125 South Clark Street, Suite 700
Chicago, IL 60603
(773) 553-1700
Attorney for Defendant Board