IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCIE ABERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 12-C-10181 |
| ) | |
| SUSAN LOFTON in her individual and official ) | Honorable Judge Dow |
| capacities; ) | Magistrate Judge Schenkier |
| CHICAGO PUBLIC SCHOOLS ) | |
| ) | **Jury Trial Demanded** |
| Defendants ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Marcie Aberman, by and through her attorneys, hereby responds to DEFENDANTS' MOTION TO DISMISS brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and respectfully requests that the motion be denied in its entirety. In support of her request, Aberman states as follows:

### FACTS

Aberman, (female, over forty) has had a moderate hearing loss since childhood. She has been an educator with Chicago Public Schools for over twenty years. Aberman had consistently received superior or excellent ratings until the 2010 – 2011 school year, the same year Lofton became principal at Senn. Within a few months, Aberman went from a superior or excellent educator to an unsatisfactory educator. Significantly, so did most employees under Lofton's supervision who were over the age of forty and all employees with known disabilities. In March 2011, Aberman was evaluated twice within one week, rated unsatisfactory, referred for a fitness for duty evaluation by an unqualified individual, and placed on medical leave. Aberman filed a request for accommodation that went unanswered for months. In the interim, Aberman was removed from her position and placed into a "Reassigned Teacher Pool." Aberman attempted to find relief through the grievance process.

After receiving no relief from administrative procedures, in July Aberman filed a charge against defendants Lofton and the Board, with the Illinois Department of Human Rights alleging discrimination based on age and disability. Aberman filed the same charges directly with the Equal Employment Opportunity Commission, the Illinois Educational Labor Relations Board, the National Department of Labor, and the Illinois Department of Labor.

On or about September 10, 2012, Aberman received a notice of dismissal for lack of substantial evidence and a right-to-sue letter from the IDHR. The right-to-sue letter provided Aberman with the right to seek review of the actions with the EEOC and that, in absence of the review, the EEOC would generally accept the findings of the IDHR with respect to the concurrently pending charges.

About eighty days later, Aberman filed a request for substantial weight review with the Illinois Human Right Commission. The same day, Aberman brought a seven count complaint in the Circuit Court of Cook County against Defendants. Aberman's complaint alleged intentional interference with contractual relations, disability discrimination in violation of the IHRA and ADA; failure to accommodate, FMLA interference, and age discrimination in violation of the ADEA and IHRA.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for "failure to state a claim upon which relief can be granted." *Sellers v. Bragg*, No. 04 C 3663 (N.D. Ill. July 13, 2005) (*citing Fed. R. Civ. P. 12(b)(6)*); *accord Johnson v. Rivera,* 272 F.3d 519, 520-21 (7th Cir. 2001). In ruling on the motion, the Court accepts all well-pleaded facts alleged in the complaint as true and accords the plaintiff all reasonable inferences from those facts. *See McLeod v. Arrow Marine Transp., Inc.,* 258 F.3d 608, 614 (7th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the context of employment discrimination, the Seventh Circuit has repeatedly emphasized

2

that, to survive a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)* a plaintiff may allege claims quite generally. *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008); *see also, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713,714 (7th Cir.2006) ("[A]ll a complaint in federal court need do to state a claim for relief is recite that the employer has caused some concrete injury by holding the worker's religion against him."); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998) ("'I was turned down for a job because of my race' is all a complaint has to say.").

## DISCUSSION

### I. Individual liability under the FMLA, Rehabilitation Act, ADA, ADEA, and IHRA

Although the issue of individual liability under Title VII of the Civil Rights Act, *42 U.S.C. §§ 2000e et seq.*, and the ADEA, *42 U.S.C. §§ 621 et seq.*, has been frequently litigated in this district, *see Jendusa v. Cancer Treatment Centers of America, Inc.*, 868 F.Supp. 1006, 1008-09 (N.D.Ill.1994) (collecting cases), and the Seventh Circuit Court of Appeals has recently held that individuals cannot be personally liable under the Americans with Disabilities Act ("ADA") unless they otherwise meet the definition of an employer, *42 U.S.C. §§ 12111 et seq., EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir.1995), the question of individual liability under the FMLA has not been fully resolved in this circuit.

### A. Lofton is subject to individual liability under the FMLA

In particular, while the courts of this circuit are in general agreement that there is individual liability under the FMLA in public and private sector context, *Lombardi v. Bd. Of Trustees Hinsdale School*, 463 F. Supp. 2d 867 (N.D. Ill. 2006); *Rasic v. City of Northlake*, 563 F. Supp. 2d 885 (N.D. Ill. 2008) (In our view, a plain reading of the text of the FMLA leads to the conclusion that supervisory government employees may qualify as "employers" under the FMLA, and thus can be sued individually), there is a split in opinions on whether principals in particular are subject to individual liability under the FMLA.

*Contrast Lombard*, 463 F. Supp. 2d 867 (invoking *§ 2618* determining that principals are not employers and were not subject to liability under the FMLA) *with Cooley v. Bd. of Ed. of City of Chgo.,* 703 F. Supp. 2d 772 (N.D. Ill. 2009) (determining that before the *§ 2618* definition of employer is implicated, one of the special rules in that section must apply and holding that there is principal liability under the FMLA).

Reconciling the two cases, the differences came down to a question of statutory construction and the differences of opinion are predicated on the scope and limitations of section 2618. On the one side, the key premise is that the special rules detailed in Section 2618 apply to overrule the general provisions whenever educational institutions are implicated. *Lombardi*, 463 F. Supp. 2d 867. While the other point of view holds that, in order for the definition of employer provided in *Section 2618* to be implicated, one of the situations defined in *Sections 2618(b) through (f)* must apply. *Cooley*, 703 F. Supp. 2d 772. Aberman respectfully requests that this Court, after considering the cannons of statutory construction, rule that Lofton is an employer for the purposes of the FMLA.

**B. To the Extent that the ADA, ADEA, IHRA, and Rehabilitation Act do not recognize Lofton as an employer, Aberman does not assert individual liability**

The ADA and ADEA do not allow individual liability in certain circumstances. However, Aberman alleges not only that Lofton is "an agent of such person" but that Lofton is in fact "a person engaged in an industry affecting commerce who has 15 or more employees." All decisions cited that limit individual liability also emphasize that the limitation on liability is valid only to the extent that the individual does not "otherwise meet the definition of employer." *AIC Security*, 55 F.3d 1276. Evidence will show that Lofton has been vested with absolute autonomy in the hiring, firing, and supervision of all individuals at Senn and that any alleged oversight amounts to a sham. Aberman requests that this Court allow facts to develop before concluding that Lofton is not an employer under these acts.

**The pleadings do not support the administrative exhaustion argument**

Aberman's pleadings do not support Defendants' administrative exhaustion argument. Aberman filed a pro se charge of discrimination with the IDHR, EEOC, and DOL. In her Amended Complaint, Aberman alleges that she received several right-to-sue letters from complaints to various agencies.[1]

The Amended Complaint does not provide specific details about the IDHR, EEOC, and DOL complaint. Aberman made the same complaints about discrimination and failure to accommodate to each agency, but the filings that the employees of the respective agencies generated were substantially different. Moreover, the IDHR record shows that Aberman's failure to accommodate claims were raised but only cursorily reviewed in the investigation.[2] While, a second right-to-sue letter was issued without an investigation (because Aberman missed an appointment).

While the Defendants cite to a single portion of one of the charges completed by an agency employee which even left blanks in the few lines that they bothered to fill out, they ignore the investigation presumably based on the same allegations, and the charges filed with other agencies.[3] Under such circumstances, where a pro se plaintiff is assisted by agency employees, it is particularly inappropriate to consider this type of affirmative defense at the 12(b)(6) stage. *See, e.g.*, *Wojtanek v.*

---

[1] To clarify, based on the complaints, which are public record, the several right-to-sue letters were predicated upon the same transactions but the first was issued directly from the IDHR while the second was issued after Aberman's complaint to the DOL was referred to the EEOC. The first right-to-sue letter does not mention the failure to accommodate claim directly but it is clearly a part of the record. While the second right-to-sue letter directly addresses the failure to accommodate claim. The sole reason for the difference is the treatment by the agency that received the report.

[2] For example, in one formal communication, Aberman wrote: "Because of my disability and my age I was denied equal employment and opportunities during Susan Lofton's tenure as Principal of Nicholas Senn High School."

[3] In their motion to dismiss, Defendants state that they "are not in possession of a perfected EEOC charge and cannot, therefore, ascertain whether all of the ADA and ADEA claims alleged in plaintiff"s complaint were brought before the EEOC." That is reason enough that the affirmative defense is not properly presented in their 12(b)(6) motion.

*Pactiv LLC*, 492 F. App'x 650, 653 (7th Cir. 2012) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1101-02 (9th Cir. 2002)); *Ortiz v. Board of Education of City of Chicago*, No. 11 C 9228 (N.D. Ill. July 2, 2013); *Girten v. Town of Schererville*, No. 2:09-cv-151 (N.D. In. Sept. 10, 2009); *Jackson v. Local 705, Int'l Bhd. of Teamsters, AFL-CIO*, No. 95 C 7510, 2002 WL 460841, at *2 (N.D. Ill. Mar. 26, 2002).

## II. Aberman's claim under the Rehabilitation Act is not barred by the statute of limitations

As with the Defendants' argument about administrative exhaustion, their statute of limitations argument is likewise an affirmative defense. *Tregenza v. Great American Communications Co.*, 12 F.3d 717 (7th Cir. 1993). As such, the argument has been both prematurely and incorrectly raised for at least two reasons. First, the applicability of the affirmative defense is not clear from the pleadings, which is all the Court has to rely upon. Second, and intricately related, the argument fails because the claims relate-back to the date of the original filing.

The reasons that Defendants' statute of limitations argument is not supported by the face of Aberman's pleadings are the same as the reasons that the Rehabilitation Act claim relates back to the date of the original filing. Aberman filed her original complaint in December 2012. Her amended complaint followed the Court's successive rulings on Defendants' motion to dismiss and Plaintiff's motion for reconsideration. However, while the pleadings provide dates of occurrences, they do not establish that the doctrine of relation-back is inapplicable. Moreover, the factual allegations that underly the claims for the original and amended complaint are the same. *See Worthington v. Wilson*, 8 F.3d 1253, 1255 (7th Cir. 1993) (*explaining* the doctrine of relation-back.) Thus, the Defendants' motion to dismiss Aberman's Rehabilitation Act claim should be denied.

### III.  Aberman's complaint establishes a common-law cause of action for tortious interference against Lofton

Elements of a tortious interference claim are "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages."  *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp.,* Inc., 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672, 676 (1989). Because there is no question that Lofton was aware of the contractual relationship, and general damages need only be plead at this stage, Aberman focuses on the first, third, and fourth elements of this cause of action.

**There was a valid and enforceable contract**

Aberman has alleged sufficient facts to support the finding of contractual relation through at least two theories: an implied-in-law employment contract with the Board, or a direct claim under the Contract.

As to the former, Illinois courts have recognized a legitimate expectancy in an employment relationship. "where the contract is one of employment, it is immaterial whether it is for a fixed period or is one which is terminable by either party at will, both parties being willing and desiring to continue the employment under that contract for an indefinite period." *Fellhauer v. City of Geneva*, 568 NE 2d 870,878, 142 Ill.2d 495 - Ill: Supreme Court 1991 (*citing London Guarantee & Accident Co. v. Horn*, 69 N.E. 526, 206 Ill. 493,507 (1903)). The latter contract theory is equally viable because under Illinois law, Aberman has the right to press terms of the Contract when the Union fails to do so.

**Lofton intentionally and without justification induced breach of the contract**

While, as Defendants emphasize, it is generally true that a person cannot interfere with its own contract, *Lombardi*, 463 F. Supp. 2d 867; *Quist v. Bd. Of Trustees of Community College Dist. No. 525*,

7

258 Ill. App. 3d 814,821(3d Dist. 1994), it does not necessarily follow that an employee or agent of the employer cannot interfere. *Waldinger Corp. v. CRS Group Engineers, Inc.*, 775 F.2d 781 (7th Cir. 1985); *George A. Fuller Co. v. Chicago Col. of Ost. Med.*, 719 F.2d 1326 (7th Cir. 1983).

In *Fuller* the court stated "[i]n light of these policies, Illinois law requires allegation of facts which, if true, establish that the officers induced the breach to further their personal goals or to injure the other party to the contract, and acted contrary to the best interest of the corporation. *See generally, Swager v. Couri*, 77 Ill.2d 173, 32 Ill.Dec. 540, 546-47, 395 N.E.2d 921, 927-28 (1979); *Loewenthal Securities Co. v. White Paving Co.*, 351 Ill. 285, 184 N.E. 310 (1932); *Worrick v. Flora*, 133 Ill.App.2d 755, 758-59, 272 N.E.2d 708, 711 (3d Dist.1971); *see also Bakalis v. Golembeski, et al.*, 886 F.Supp. 644 (1995) (holding that agents can be liable for interfering where they may have been pre-biased and should have recused themselves from participation in decisions respecting plaintiff).

Aberman has alleged that Lofton interfered with Aberman's tenured teacher position at Senn and that the alleged interference was intentional and/or with a reckless disregard for Aberman's rights. Aberman has alleged that Lofton produced intentionally inaccurate observations and fabricated disciplinary actions with the intent of terminating Aberman's employment; Aberman further alleged that this was done for improper motives.

If the allegations in the complaint are taken as true, and for the purposes of this motion they must, then Aberman has plead enough to survive a 12(b)(6) motion to dismiss. As in *Quist*, here the contract that was interfered with is a contract that is administered in an unbiased fashion.

**The contractual relation was breached because of Lofton's intentional and unjustified actions**

Whether conduct is in the scope of a person's duties is a question of law for the court:

> [u]nder Illinois law, the conduct of a servant is within the scope of employment if, but only if: (1) it is of the kind he is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master. Conversely, it is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little

8

actuated by a purpose to serve the master.

*Duffy v. US*, 966 F.2d 307 (7th Cir. 1992) (*citing Pyne v. Witmer*, 129 Ill.2d 351, 135 Ill.Dec. 557, 561, 543 N.E.2d 1304, 1308 (1989)). At this early stage of litigation, and considering the facts and rights at issue, Aberman asks that this Court decline to make the determination that Lofton's actions were within the scope of her duties.

**IV. Aberman's common law tortious interference with contract claim is not preempted by the IHRA**

The IHRA preempts any state or common law claims that are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Beard v. City of Chgo.*, 299 F.Supp.2d 872, 874 (N.D.Ill.2004). The factual background and ultimate resolution of *Maksimovic v. Tsogalis* is instructive. 687 N.E.2d 21, 177 Ill. 2d 511 (1997). In that case, the Illinois Supreme Court reviewed an appellate court decision that held claims of assault, battery, and intentional infliction of emotional distress were inextricably linked to a claim of sexual harassment and were thus preempted by the IHRA. *Maksimovic v. Tsogalis*, 668 N.E.2d 166, 172-73, 282 Ill.App.3d 576, 585-86, (Ill.App.Ct.1996).

The Illinois Supreme Court reversed the lower court. Illinois' highest court reasoned that the state law claims would not be preempted if the plaintiff could make out the elements of the causes of action "independent of any legal duty imposed by the [Illinois Human Rights] Act." *Maksimovic v. Tsogalis*, 668 N.E.2d 166, 172-73, 282 Ill.App.3d 576, 585-86, 218 (Ill.App.Ct.1996); c*ontrast Beard v. City of Chicago*, 299 F.Supp.2d 872,874 (N.D.Ill.2004) (outrageous nature of conduct only so because it was discriminatory) *and Jones v. Sabis Educ. Sys., Inc.*, No. 98 C 4252, 1999 WL 1206955 (N.D.Ill. Dec. 13, 1999) (same).

As discussed in Section III above, Aberman has alleged facts to support a cause of action for intentional interference with contractual relations without reference to discriminatory motives. In fact,

9

this cause of action, is more easily plead and proven because it need not reach the depths of Lofton's discriminatory motives. Indeed, the interference claim need only prove that Lofton acted out of a selfish motive not in the best interests of the Board. Where Aberman can plead and prove that Lofton's actions were in derogation to the Board's duties under the Contract, and Illinois state law (not implicating anti-discrimination statutes), the tortious interference claim is proven. By contrast, the ADA and ADEA claims require a showing of actual discriminatory intent which can be quite onerous to plead and prove.

## CONCLUSION

Because this Court has federal subject matter jurisdiction based on *28 U.S.C. § 1331*, supplemental jurisdiction based on *28 U.S.C. § 1367*, has exhausted administrative remedies to the extent necessary, and Aberman's complaint adequately pleads a state law cause of action for tortious interference that is not preempted by the IHRA, Aberman respectfully requests that this Court deny Defendants motion to dismiss and order expeditious discovery and trial time lines to avoid further prejudice to Aberman's rights.

Respectfully submitted,


By: /s/ Johnny Douglas
(773) 419-0817
Attorney for Plaintiff