**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCIE ABERMAN | ) | 1:12-cv-10181 |
|     Plaintiff, | ) | |
|         v. | ) | Judge Robert M. Dow Jr. |
| BOARD OF EDUCATION OF THE CITY OF | ) | |
| CHICAGO et. al. | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to *Federal Rules of Civil Procedure 59*, and *60*, Plaintiff Marcie Aberman, by and through her attorneys, respectfully requests that this Court reconsider its order dismissing Plaintiff's discrimination claims. In support of her request, Plaintiff states as follows:

**BACKGROUND**

This Court dismissed Counts V, VI, IX, and X because Plaintiff did not address the following arguments: (1) that Counts V and VI should be dismissed because they attempt to make claims directly under the United States and Illinois Constitutions; (2) that Plaintiff's due process claim (Count V) should be dismissed because she has adequate state law and post-deprivation remedies; (3) that Plaintiff's claim for mandamus must be dismissed (Count IX); and (4) that Plaintiff's negligent supervision claim is barred by the statute of limitations. This Court also dismissed Counts I and II for failure to exhaust administrative remedies. Plaintiff now asks the Court to reconsider as to each count.

Defendants contend that Plaintiff has failed to exhaust her administrative remedies on her failure to accommodate and failure to rehire claims. In response, Plaintiff claims that she did not provide sufficient information in her pleadings for the Court to assess whether she exhausted her administrative remedies. However, Plaintiff states in her amended complaint that she "received a right to sue letter from the IDHR in August 2012, Exhibit G, and filed suit based on that letter on December

3, 2012." Plaintiff further states that "[i]n April 2013, [she] received a right-to-sue letter from the EEOC * * * subsequently informed Defendants thereof," citing to Exhibit H, which is attached to the amended complaint. While a plaintiff has no obligation to attach particular documents to her complaint, if a plaintiff fails to attach the document upon which her complaint was based, a defendant may introduce that document.

--But Plaintiff does not refer to the charge?While a plaintiff has no obligation to attach particular documents to her complaint, if a plaintiff fails to attach the document upon which her complaint was based, a defendant may introduce that document. See Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) (citation omitted). Documents that are attached by a defendant to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Id. at 431; see also Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 739 n.12 (7th Cir. 1986). Here, Plaintiff, in alleging that she has exhausted her administrative remedies, puts the issue of exhaustion before the Court.

## STANDARDS FOR REVIEW

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in a light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7 th Cir. 2002); Perkins v. Silverstein, 939 F.2d 463, 466 (7 th Cir. 1991).

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1992). Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746,

749 (7th Cir.1995); *Fed. R. Civ. P. 59(e)*. With respect to *Fed. R. Civ. P. 60(b)*, the Seventh Circuit has explained that "Rule 60(b)(1) permits the court in the exercise of discretion to relieve a party from an order on the grounds of mistake, inadvertence, or excusable neglect, and Rule 60(b)(6) covers `any other reason justifying relief from the operation of the judgment.'" *Longs v. City of South Bend*, 201 Fed.App'x 361, 364 (7th Cir. 2006) (*quoting McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.2000)). Relief pursuant to this rule, however, "is regarded as an extraordinary remedy which is granted only in exceptional circumstances." *Id*.

## DISCUSSION

Plaintiff asks this court to reconsider its decisions on Counts I, II, V, VI, and IX. Specifically, with respect to Defendants' administrative exhaustion argument, leveled at Counts I and II, Plaintiff states 1) administrative exhaustion is an affirmative defense, not properly raised in a 12(b)(6) motion, and 2) the failure to accommodate and failure to rehire claims are not subject to failure to exhaust argument.

With respect to Defendants' arguments for dismissal of Counts V and VI, Aberman states 1) both counts are predicated on Monell liability, 2) Aberman's substantive due process claims do not depend on state-law remedies, and 3) there were no state-law remedies suggested.

Finally, Aberman asks the Court to reconsider its dismissal of Count IX and seeks leave to amend her complaint to clarify the basis of the dismissed charges.

**I. Administrative exhaustion defense was decided on an inadequate record**

According to Defendants, Plaintiff never asserted a reasonable accommodation claim in her administrative charge. This argument is raised prematurely by Defendants in the form of a motion to dismiss. Failure to exhaust administrative remedies is an affirmative defense, and a plaintiff is not required to plead around affirmative defenses. *See Bregenettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

3

Aberman filed her complaint with the IDHR pro se. Doc #: 42-2 provided by the Defendants is a copy of the Illinois Department of Human Rights perfected charge which was completed by IDHR personnel. The first three pages of Doc #: 42-3 is the Affidavit of Service, and Notice of Dismissal for Lack of Substantial Evidence; pages 4 through 16 are portions of the investigative memorandum.

Under such circumstances, where a pro se plaintiff is assisted by agency employees, it is particularly inappropriate to consider this type of affirmative defense at the 12(b)(6) stage. *See, e.g.*, *Wojtanek v. Pactiv LLC*, 492 F. App'x 650, 653 (7th Cir. 2012) (*quoting B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1101-02 (9th Cir. 2002)).

### A. Count II - Failure to Accommodate is not subject to the administrative exhaustion judicial doctrine

Aberman's Failure to Accommodate claim is not subject to the administrative exhaustion doctrine because 1) the forced medical leave allegation is reasonably related to the failure to accommodate allegation, 2) wrongful termination is reasonably related to the failure to accommodate allegation, 3) failure to accommodate was actually a part of the IDHR investigation, and 4) failure to accommodate was actually a part of the EEOC charge. Each is discussed in turn.

### A. Forced medical leave is reasonably related to the failure to accommodate and failure to rehire allegations

While it is true that, in general, the plaintiff may only assert the claims in federal court that he raised in the administrative charge. *Teal v. Potter*, 559 F.3d 687, 691-2 (7th Cir. 2009). This does not mean that the scope of the federal lawsuit is limited word for word to the allegations stated in the EEOC charge. *Id.*; *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). Rather, an ADA plaintiff "may also litigate claims which are like or reasonably related to the allegations of the administrative charge and growing out of such allegations." *See id*. In order for claims to be deemed related, "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the

4

same individuals." Id. at 692 (emphasis removed). The "standard is a liberal one and satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Id*.

Aberman's Failure to Accommodate claim is intertwined with the allegations of disability discrimination contained in the Illinois Department of Human Rights complaint. Aberman's IDHR complaint describes the Defendants' pretextual observations and claims about her job performance, forced medical evaluation (with an unqualified physician), forced leave, and refusal to reinstate to her prior position. These same allegations form the basis of Aberman's complaint. See First Amended Complaint ¶¶___. The charge and complaint cover the same time period, implicate the same parties, and raise the same factual issues. *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994) ("in determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred."). *See also Ortiz v. Board of Education of City of Chicago*, No. 11 C 9228 (N.D. Ill. July 2, 2013) (reasonable accommodation claim held reasonably related to dispartate treatment claim where plaintiff's reasonable accommodation [time off] was the reason that he was discharged); *Girten v. Town of Schererville*, No. 2:09-cv-151 (N.D. In. Sept. 10, 2009) (claims related where the "both arise out of the same operative facts"); *Jackson v. Local 705, Int'l Bhd. of Teamsters, AFL-CIO*, No. 95 C 7510, 2002 WL 460841, at *2 (N.D. Ill. Mar. 26, 2002) (Omitted claim upheld at summary judgment where plaintiff offered evidence that he made allegations based upon which the claim could be reasonably expected to develop.).

**B. Wrongful termination allegations are reasonably related to the failure to accommodate and failure to rehire allegations**

It is true that wrongful termination and failure to accommodate are two distinct forms of disability discrimination. But that doesn't mean that both forms of discrimination can't arise from the same facts. *See Davis v. Am. Drug Stores, Inc.,* 2003 WL 21149063, at *3 (N.D. Ill. 2003). Here, Aberman's wrongful termination claim and failure to rehire arise from the same series of events involving the same people during the timeframe between September 2010 and September 2011. Aberman alleged that she was given pretextual unsatisfactory evaluations, forced out on medical leave, and that the Defendants refused to reinstate her to her previous position, instead placing her into the Reassigned Teacher Pool. See Doc #42-3, p.11 ¶_. Thus Aberman's failure to rehire allegations are reasonably related to the allegations made in the IDHR charge of discrimination.

### C. Failure to accommodate and failure to rehire allegations were actually a part of the IDHR investigation

Aberman's failure to accommodate claim was actually mentioned in the IDHR investigative memorandum. In the investigative memorandum, a copy of which was delivered to the Defendants through their attorneys and to Aberman pro se states: ". . .and it is uncontested that Complainant did not request an accommodation from Respondent until after she was placed on an involuntary personal illness leave." Doc #42-3, p.11 ¶3. It seems that in circumstances where the investigation actually revealed the claim, it would be axiomatic that the claim could "reasonably be expected to grow out of the charge of discrimination." Farmer Bros., 31 F.3d _, 899.

Defendants provided the court with a sparse record of the proceedings before the Illinois Human Rights Commission. Doc # 42-1, Doc # 42-2, Doc # 42-3.

### D. Failure to accommodate and failure to rehire allegations were actually a part of the EEOC charge

Defendants were mistaken in assuming that Plaintiff's reference to the "DOL" was a reference to the Illinois Educational Labor Relations Board; all the more reason that the motion to dismiss is an improper vehicle for the affirmative defense. ____ In fact, the DOL refers to the United States

6

Department of Labor which accepted a charge of discrimination from Ms. Aberman and forwarded that charge to the EEOC. The EEOC then issued Aberman a right-to-sue letter based on those allegations. This is evidenced by the two different EEOC charge numbers in Defense provided Doc #'s: 42-2, and 42-3. Aberman specifically articulated her request for an accommodation in her communication with the DOL. Presumably, the EEOC issued a right-to-sue letter based upon that communication.

## II. Defendants' argument that Count V – Fourteenth Amendment Procedural Due Process and VI – Fourteenth Amendment Substantive Due Process are not actionable is without merit and not worthy of response

To state a claim under Section 1981 via Section 1983, a plaintiff must allege a deprivation of a Constitutional right by an individual acting under color of state law. Under Monell, plaintiffs must establish that the defendants acted pursuant to a governmental policy, custom or regulation. Monell, 436 U.S. _, 690-91, 98 S.Ct. _, 2035-36. To establish a municipal policy or custom, plaintiffs must allege a specific pattern or series of incidents which support the general allegation of custom or policy. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). Alleging one specific incident in which the plaintiff suffered a deprivation is insufficient, id., unless a sufficiently high ranking policymaker's single act causes the deprivation. *Bohen v. City of East Chicago, Indiana*, 799 F.2d 1180, 1188-89 (7th 953*953 Cir.1986); *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 283-84 (7th Cir.1986).

In her First Amended Complaint, Aberman has alleged the elements of Section 1981 via 1983 causes of action for procedural and substantive due process violations.

### A. Defendants' direct constitutional argument was not aimed Aberman's claims

Because Aberman's First Amended Complaint stated claims under Section 1981 via Section 1983 the direct constitutional argument was without merit and did not need to be addressed. The First Amended Complaint identified the constitutional deprivation, FAC ¶__, and the basis for Monell-type liability, FAC ¶__. Thus, Defendants' arguments about direct constitutional claims was not leveled at the

7

complaint and thus did not warrant a response.

### B. Defendants' arguments about adequate state-law remedies

Likewise, Defendants' arguments about adequate state-law remedies fell short of the complaint in that 1) arguments do not reach Aberman's substantive due process claim, 2) Defendants' state-law arguments assume facts not in evidence with respect to Aberman's procedural due process claims, and 3) Defendants' arguments that Aberman's deprivation was the result of random and unauthorized actions mischaracterizes nature of the state actions in light of relevant Constitutional precedent.

#### 1. Defendants' arguments do not reach Aberman's substantive due process claim

The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." *Zinnermon v. Burch*, 494 US 113, 125 (*quoting Daniels v. Williams*, 474 U.S. 327, 331). A constitutional violation actionable under § 1983 is complete when the wrongful action is taken. Id. A plaintiff in such circumstances may invoke § 1983 regardless of any state-tort remedy that might be available to compensate for the deprivation. Because of this, the Defendants' argument was without merit as to the substantive due process claim.

#### 2. Defendants' random and unauthorized argument

Defendants argue that the deprivation was random and unauthorized in the sense that the court in *Anderson v. Board of Education of the City of Chicago* found the Board's actions to be the same. ___ The court in Anderson determined that the conduct complained of was unpredictable under the Zinnermon standard because it was contrary to state-law. This argument again completely misses the nature of the complaint.

Aberman complains of several substantive and procedural deficiencies but did not raise the argument addressed in *Anderson:* that the Defendants conduct of not providing a pre-deprivation hearing is in violation of the Illinois School Code, 105 ILCS 5/34-85. To the contrary, Aberman alleges

that her property right is found in the Illinois School Code.

And, predictability is determined by the amount of discretion afforded the state actor and whether that discretion is uncircumscribed. *See Easter House v. Felder*, 910 F.3d 1387, 1400. If a state procedure allows unfettered discretion by a state actor, "an abuse of that discretion may be predictable, authorized, and preventable with a pre-deprivation process." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). Aberman alleged that Defendants abused their uncircumscribed discretion and caused her Constitutional harm.

### 3. Defendants' adequate state-law argument

Although the fault identified in II(B)(2) above renders the Defendants' argument moot, the fact that Defendants failed to identify post-deprivation state-law remedies is equally fatal. Specifically, the Defendants rely on the possibility of mandamus as put forth by the *Anderson* court. However, the Defendants likewise argue that mandamus is not available. Doc #: 37. Moreover, the action for mandamus has not been addressed in such circumstances. Moreover, Defendants' argument does not offer a glimpse into any state-law remedy that they presume would adequately compensate Aberman for her Constitutional deprivation.

### III. Mandamus argument was without merit and not worthy of responses

Defendants' mandamus argument states:

> Plaintiff seeks a writ of mandamus requiring her reinstatement; however,"[a] mandamus action is not an appropriate means for seeking judicial review of an administrative proceeding." Newsome v. Illinois Prison Review Board, 333 Ill.App.3d 917, 920 (4 th Dist. 2002). Mandamus will be granted only if a plaintiff can establish: (1) a clear, affirmative right to relief; (2) a clear duty of the public officer to act; and (3) clear authority in the public officer to comply. People ex rel. Waller v. McKoski, 195 Ill.2d 393, 400-01 (Ill. 2001); 1350 Lake Shore Associates v. Hill, 326 Ill.App.3d 788, 794 (1 st Dist. 2001) ("The issuance of a writ of mandamus is appropriate only where the plaintiff shows a clear, affirmative right to the requested relief, a clear duty to act on the defendant"s part, and clear authority in the defendant to comply with the writ.").

The argument misses the point of the request. The mandamus relief sought is not for review of

an administrative proceeding but intended to correct the deprivation caused by the improper removal without any proceedings. Under Illinois law, it is unquestioned that mandamus is the proper action and appropriate legal remedy for a teacher who seeks reinstatement to a position from which she has been improperly removed.. *Piquard v. BOARD OF EDUC., PEKIN COMMUNITY HIGH SCH. DIST.# 303*, 610 N.E.2d 757, 242 Ill. App. 3d 477, 182 Ill. Dec. 888 (App. Ct. 1993). Because Defendants' argument was so far afield from the complaint, it was not addressed.

## CONCLUSION

Plaintiff respectfully requests that this Court use its discretion to reconsider its order of dismissal of the above-recounted claims. Further, Plaintiff seeks leave of the Court to amend her complaint to clarify claims. Finally, Plaintiff requests that the Court's dismissal of state-law claims be without prejudice.

Respectfully submitted,

/s/Johnny Douglas
Johnny Douglas
7135 Golf Road
Morton Grove, Illinois
773-419-0817

1