**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCIE ABERMAN, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-cv-10181 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| BOARD OF EDUCATION OF THE CITY | ) | |
| OF CHICAGO, ET AL., | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff's motion for reconsideration and for leave to file Plaintiff's second amended complaint [45] and on Defendants' motion for an extension of time to answer Plaintiff's first amended complaint [50]. For the reasons stated below, the Court denies Plaintiff's motion for reconsideration [45] and grants Defendants' motion for an extension of time to answer Plaintiff's first amended complaint [50].

## STATEMENT

### I.     Background

In March 1987, Plaintiff Marcie Aberman was hired as a mathematics teacher at Nicholas Senn High School ("Senn") in Chicago, Illinois. During school years 2005-2006 and 2007-2008, Aberman was rated "excellent" by Senn's former school principal. On March 21, 2011, Aberman received an "unsatisfactory" performance rating from Senn's new principal, Defendant Susan Lofton, and was assigned to the teacher reassignment pool on July 8, 2011. Aberman has an auditory impairment and is over the age of 40.

On July 20, 2011, Aberman filed a charge with the Illinois Department of Human Rights ("IDHR") against Lofton and Defendant Board of Education of the City of Chicago, alleging age and disability discrimination. Aberman claimed that she was given an unsatisfactory evaluation, forced to take involuntary leave, and placed in the reassigned teacher pool. On August 28, 2012, the IDHR issued a Notification of Dismissal for Lack of Substantial Evidence. On December 3, 2012, Aberman filed a Request for Review of the dismissal with the Illinois Human Rights Commission (IHRC). She also filed the a complaint in the Circuit Court of Cook County, Illinois, seeking redress for her Illinois Human Rights Act (IHRA) claims and other state and federal claims. Defendants removed the matter to federal court.

Plaintiff filed a first amended complaint on April 2, 2014. Plaintiff's first amended complaint against Defendants Board of Education of the City of Chicago and Susan Lofton alleged 10 counts: age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Illinois Human Rights Act ("IHRA") against the Board (Count I); disability

discrimination in violation of the IHRA and the Americans with Disabilities Act ("ADA") against the Board (Count II); violations of the Rehabilitation Act § 504 against the Board and Lofton (Count III); violations of the Family Medical Leave Act ("FMLA") against the Board and Lofton (Count IV); Fourteenth Amendment due process against the Board and Lofton (Count V); Fourteenth Amendment and Illinois Constitution Article II substantive due process against the Board and Lofton (Count VI); breach of contract against the Board (Count VII); intentional interference with contractual relations against Lofton (Count VIII); mandamus under Illinois School Code Section 34-85 (Count IX); and negligent supervision against the Board (Count X). Defendants partially move to dismiss Plaintiff's amended complaint, and on September 30, 2014, this Court granted in part Defendants' motion, dismissing Counts V, VI, VIII, IX and X as to both Defendants; Count III as to Defendant Lofton; and the portions of Counts I and II brought under the theories of failure to accommodate and failure to rehire. See Memorandum Opinion and Order [43]. The Court ruled that Plaintiff failed to administratively exhaust her failure to accommodate and failure to rehire claims contained in Counts I and II. The Court dismissed Counts V (procedural due process), VI (substantive due process), IX (mandamus) and X (negligent supervision) because Plaintiff failed to address Defendants' arguments in support of dismissal and thus waived her arguments and abandoned those claims. The Court also held that Count VIII (Rehabilitation Act claim) was untimely as alleged against Defendant Lofton. Finally, the Court held that Plaintiff failed to state an actionable claim in Count III (tortious interference with contractual relationship). Plaintiff now moves this Court to reconsider its dismissal of Counts I, II, V, VI and IX.[1]

## II.     Motion to Reconsider

Although Plaintiff moved pursuant to both Federal Rule of Civil Procedure 59 as well as Rule 60, it is actually Rule 54(b) that governs Plaintiff's motion:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders. See *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable").

It is well established, however, that "[m]otions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura,* 458 F.Supp.2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996)). In regard to the "manifest error" prong, the Seventh Circuit has explained that a motion

---

[1]  Plaintiff does not challenge the dismissal of Counts III (as to Defendant Lofton), VIII and X.

to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990); see also *Wiegel v. Stork Craft Mfg., Inc.,* 2012 WL 2130910, at *2 (N.D. Ill. June 6, 2012) ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing."); *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' "); *Bilek v. American Home Mortg. Servicing,* 2010 WL 3306912, at * 1 (N.D. Ill. Aug. 19, 2010). And with respect to the second prong, the court of appeals has explained that a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee,* 906 F.2d at 1191. Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191.

### A.       Plaintiff's Failure to Exhaust Administrative Remedies

First, Plaintiff incorrectly asserts that the Court improperly considered the issue of exhaustion at the motion to dismiss stage. As clearly set forth in the Court's memorandum opinion and order, by alleging in her first amended complaint that she exhausted her administrative remedies, Plaintiff put the issue of exhaustion appropriately before the Court. See Memorandum Opinion and Order [43 at 6].

#### 1.       "Reasonably related"

Plaintiff argues that the Court erroneously dismissed her failure to accommodate and failure to rehire claims contained in Counts I and II. In support of her position, Plaintiff argues that her failure to accommodate and failure to rehire claims are reasonably related to her claim for discriminatory treatment under the Americans with Disabilities Act ("ADA") and claim of wrongful termination/forced medical leave.

For the first time in the instant motion for reconsideration, Plaintiff advances the argument that her failure to accommodate and failure to rehire claims are reasonably related to the claims contained in her administrative charges.[2]

Although Plaintiff failed to advance the "reasonably related" argument in her response to

---

[2]   As noted above, motions for reconsideration serve the limited function of correcting manifest errors of law or fact or to presenting newly discovered evidence. They do not serve as "the occasion to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987)(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F. Supp. 656, 665-66) (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)); *see also Pole v. Randolph,* 570 F.3d 922, 938 (7th Cir. 2009)("Arguments raised or developed for the first time in a motion to reconsider are generally deemed forfeited."). Plaintiff provides no explanation as to why she should be allowed to raise this argument for the first time in her motion to reconsider.

Defendants' motion to dismiss, the Court considered the argument in its opinion. Citing controlling authority, the Court held that a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA and that an employer's decision to place an employee on involuntary medical leave or to reassign her is a separate and distinct act from a subsequent decision not to rehire that employee. [43 at 6-7.] Plaintiff now cites *Ortiz v. Board of Education of the City of Chicago*, 2013 WL 3353918 (N.D. Ill. Jul. 2, 2013), in support of her argument that her failure to accommodate claim is reasonably related to her ADA discrimination claim and that dismissal of her failure to accommodate claim was manifest error. In *Ortiz*, the court declined to dismiss the plaintiff's failure to accommodate claim on the basis that the plaintiff did not include that claim in his administrative charge. The *Ortiz* plaintiff brought his charge on the basis of wrongful termination, but did not allege failure to accommodate in his administrative charge. The *Ortiz* court said it was a "close call" as to whether the plaintiff's claim was similar to that of *Wamack v. Windsor Park Manor*, 836 F. Supp. 2d 793, 798-99 (N.D. Ill. 2011), in which "(a) a plaintiff was discharged for failing to return to work and (b) time away from work was exactly the accommodation the plaintiff had sought." *Ortiz*, 2013 WL 3353918 at *5.

In the instant case, Plaintiff's failure to accommodate claim is not based on her failure to return to work after she sought a reasonable accommodation of time away from work. Plaintiff's accommodation claim relates to her request for a Bluetooth headset for use in the classroom, made after she was placed on an involuntary leave of absence. Thus, the instant case is distinguishable from the specific factual situation outlined in *Ortiz/Wamack* and the Court's prior ruling stands.

With respect to Plaintiff's argument that her failure to rehire claim is reasonably related to her wrongful termination claim, Plaintiff cites *Davis v. Am. Drug Stores, Inc*., 2003 WL 21149063 (N.D. Ill. May 19, 2003). However, the *Davis* case squarely supports the Court's ruling that the claims are not reasonably related. The *Davis* court held:

> The failure to rehire claim is a different story. Whether plaintiff was properly discharged for absenteeism has no bearing on whether she should later have been rehired. Thus, an investigation into the former would not likely shed light on the latter. Because plaintiff's failure to rehire claim is not reasonably related to her discharge claim, it must be dismissed. *Sauzek v. Exxon Coal USA, Inc*., 202 F.3d 913, 920 (7th Cir. 2000) (affirming dismissal of failure to hire claim not raised in EEOC charge challenging discharge because the two claims are "wholly independent.").

*Davis*, 2003 WL 21149063, *4. Likewise, in the instant case, an investigation into whether Plaintiff was properly laid off for budgetary reasons would not likely shed light on whether she should have later been rehired.

### 2.    IDHR investigation

Plaintiff also contends that the Court's decision was manifestly erroneous because the failure to accommodate and failure to rehire allegations were, in fact, part of her Illinois

Department of Human Rights ("IDHR") charge and investigation.

Plaintiff seeks to establish that her failure to accommodate claim was part of the IDHR charge and investigation by citing to a portion of the IDHR Investigation Report, which was attached in full as an exhibit to Defendants' motion to dismiss. Plaintiff notes that the report states "* * * and it is uncontested that Complainant did not request an accommodation from Respondent until after she was placed on an involuntary personal illness leave." This sentence, however, does not indicate that the investigation included analysis of whether the Board failed to accommodate Plaintiff's alleged disability. This information was pertinent to determining whether Defendant Lofton was aware of Plaintiff's alleged disability when Plaintiff was placed on involuntary medical leave. When read in the context of the entire paragraph it is clear that the investigator is supporting his finding that Plaintiff did not meet an essential element of an ADA discrimination claim—whether Plaintiff was qualified to perform her duties. The investigator's reference to the fact that Plaintiff did not seek an accommodation prior to her involuntary medical leave does not mean that he investigated a failure to accommodate claim; rather, in context, it indicates that the IDHR Investigator properly laid out the elements of an ADA discrimination claim and concluded that Plaintiff failed to establish a *prima facie* case for disability discrimination. See *Ortiz*, 2013 WL 3353918, at *5 (holding that plaintiff's inclusion of the statement that he is "able to perform the essential duties of [his] job with or without a reasonable accommodation" does not mean that his federal failure to accommodate claim is reasonably related to his charge, but merely means he properly alleged in his charge that he was qualified for protection under the ADA.).

Plaintiff points to no portion of the IDHR charge or Investigative Report that relates to a failure to rehire claim. A plain reading of the report makes clear that Plaintiff's failure to accommodate and failure to rehire claims were not part of her IDHR charge and were not analyzed in the Investigative Report.

### 3. Second EEOC charge

Plaintiff further contends that the Court's decision was manifestly erroneous because failure to accommodate and failure to rehire allegations were part of her second U.S. Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination. A plain reading of that charge reveals otherwise.

It is well established that before filing suit in federal court under the ADA and ADEA, a plaintiff must file a timely charge with the EEOC. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006); *Gorence v. Eagle Food Ctrs.*, 242 F.3d 759, 763 (7th Cir. 2001); see also 29 U.S.C. § 626(d), (e); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(b), (e), & (f). After receiving a right to sue letter for an ADA claim, a plaintiff has 90 days to bring suit in federal court. 42 U.S.C. § 2000e–5(f)(1). An ADEA plaintiff must wait 60 days from the date on which she initiated her EEOC charge before filing suit in federal court. All of these statutory requirements must be satisfied as preconditions to bringing suit—failure to do so is grounds for dismissal. *Travis v. Cook-DuPage Transp.*, 2012 WL 1284022, *3 (N.D. Ill. Apr. 16, 2012) (dismissing complaint for failure to exhaust administrative remedies); see also *Huri v. Circuit Court of Cook County*, 2012 WL 1431268 (N.D. Ill. Apr. 25, 2012) (granting motion to dismiss for failure to

exhaust administrative remedies).

Plaintiff asserts that her second administrative charge was originally filed with the U.S. Department of Labor, which then forwarded the charge to the EEOC. The EEOC initiated a second charge of discrimination on Plaintiff's behalf and issued Plaintiff a second Notice of Right to Sue. The second charge, however, makes no reference to a failure to accommodate claim or a failure to rehire claim. Because Plaintiff failed to properly assert claims before the EEOC, she cannot maintain federal failure to accommodate and failure to rehire claims in this action.

### B. Waiver

In her motion to reconsider, Plaintiff asks the Court to reverse its order dismissing Counts V, VI and IX because Defendants' arguments were "without merit and not worthy of response," thus excusing Plaintiff of her obligation to respond to Defendants' arguments. Under Plaintiff's logic, the Court was obligated to analyze Defendants' arguments without the benefit of Plaintiff's response and effectively make Plaintiff's arguments for her. This logic is not supported by Seventh Circuit case law. "Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court * * * We apply that rule * * * when a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

Defendants' arguments in support of dismissing Counts V, VI and IX were well grounded in law and fact and were not, as Plaintiff claims, "without merit." If Plaintiff believed Defendants' arguments were meritless, she was obligated to argue as much in her response brief. She did not. Plaintiff now seeks a second bite at the apple to correct the error of failing to respond to Defendants' well-grounded arguments contained in their motion to dismiss. Plaintiff raises nothing in her motion to satisfy the standards of Rule 54(b) (or Rule 59 or 60 for that matter). The Court made no "manifest error of law or fact," but instead followed the longstanding notion that when a plaintiff fails to respond to an argument made in a motion to dismiss, that omission acts as waiver and abandonment of those claims. *See id.* Thus, Plaintiff's motion for reconsideration of Counts V, VI, and IX is denied.

## II. Request to Amend

Plaintiff also requests leave to file a second amended complaint in order to "clarify claims." "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(c)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2004).

Here, allowing Plaintiff leave to further amend her complaint to attempt to remedy defects in the dismissed claims would be futile and prejudicial to the Defendants. This case was filed in 2012 and has yet to move past the pleading stage. As in most employment cases, there is a potential for back-pay damages should Plaintiff succeed on the merits of her case. Damages continue to accrue as this case ages. Plaintiff already had one opportunity to remedy the defects of her complaint (following multiple motions to dismiss by Defendants). Allowing Plaintiff to file a second amended complaint to "clarify" the dismissed claims when she has not pointed out how such an amendment would not be futile, nor stated . what in particular she intends to clarify, will only serve to further delay these proceedings. To that very point, in response to Defendants' second motion to dismiss, Plaintiff did not seek leave to amend in the event that the Court was inclined to dismiss certain claims. Rather, Plaintiff explicitly stated: "Aberman respectfully requests that this Court deny Defendants motion to dismiss and order expeditious discovery and trial time lines to avoid further prejudice to Aberman's rights."

In any event, further amendment would be futile. Plaintiff failed to exhaust her administrative remedies for her failure to accommodate and failure to rehire claims; amending her complaint cannot remedy that error. Plaintiff abandoned her Fourteenth Amendment procedural and substantive due process claims (Counts V and VI) and mandamus claim under Illinois School Code Section 34-85 (Count IX), as well as her negligent supervision claim (Count X). Plaintiff cannot simply seek leave to amend those once-deserted claims to resurrect them now. Similarly, Plaintiff's intentional interference with contractual relations claim against Defendant Lofton cannot be remedied. This Court already dismissed Plaintiff's intentional interference with contractual relations claim from both her original and first amended complaints. Plaintiff responded to Defendants' motion to dismiss with multiple arguments attempting to save this claim, but the Court considered and rejected them all. There is simply no basis for an intentional interference with contractual relations claim against Defendant Lofton.

In short, it is time to proceed to the merits of Plaintiff's remaining claims. Her request for leave to amend is denied.

## III.   Conclusion

For these reasons, the Court denies Plaintiff's motion for reconsideration and for leave to file Plaintiff's second amended complaint [45]. The Court grants Defendants' motion for an extension of time to answer Plaintiff's first amended complaint [50] and gives Defendants 14 days from the date of this order to answer Plaintiff's first amended complaint. Notice of motion date of November 4, 2014, is stricken and no appearances are necessary on that date.

Dated:  October 27, 2014

_____
Robert M. Dow, Jr.
United States District Judge

7