UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCIE ABERMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12 C 10181 |
| BOARD OF EDUCATION, | ) Judge Dow |
| OF THE CITY OF CHICAGO, *et. al.* | ) Magistrate Judge Schenkier |
| Defendants. | ) |

### DEFENDANTS' MOTION TO COMPEL

Defendants, Susan Lofton and Board of Education of the City of Chicago ("Board"), by their attorneys, move this Court pursuant to Federal Rule of Civil Procedure 37 to order Plaintiff to respond to Defendant Lofton's First Set of Interrogatories to Plaintiff and Defendant Lofton's First Request for Production to Plaintiff propounded on or about December 30, 2014, as well as provide executed releases of information. In further support of this motion, Defendants state as follows:

**Background Facts**

1. On October 22, 2014, the Court set a deadline for the close of fact discovery in this case of April 10, 2015. (*See* Docket Number 48).

2. On December 15, 2014, the Board noticed Plaintiff's deposition for January 16, 2015. (*See* Exhibit A).

3. On December 30, 2014, Defendant Lofton propounded Defendant Lofton's First Set of Interrogatories to Plaintiff and Defendant Lofton's First Request for Production to Plaintiff to Plaintiff's attorney, Johnny Douglas, at the address listed on Pacer. (*See*

Exhibit B).

4. As part of the requests for production Defendant Lofton attached various releases of information seeking to have Plaintiff return the executed releases. The releases included were: 1) Education and Employment Records Authorization; 2) Release of Medical Records; 3) Request for Social Security Administration Consent for Release of Information; and 4) Request for Social Security Earnings Information. (*See* Exhibit B). To date, defense counsel has received no executed releases from Plaintiff.

5. On January 7, 2015, counsel for the Board sent an email to Douglas indicating she was canceling Plaintiff's deposition and would reset it for a date after Plaintiff responded to the propounded written discovery. On January 8, 2015, Douglas sent an email to defense counsel stating he never received notice of the deposition. In response, counsel for the Board sent an email that she had mailed the notice of deposition on December 15, 2014, and further inquired as to whether Plaintiff was in receipt of the discovery requests. (*See* Exhibit C).

6. On January 15, 2015, Douglas sent an email to defense counsel indicating he had "looked around" but did not locate the notice of deposition or discovery requests. (*See* Exhibit D). In response, counsel for Lofton emailed Douglas a copy of the discovery requests and asked Douglas to inform defense counsel of any address changes as he had stated he had not received the last two items mailed to the address listed on Pacer. (*Id.*).

7. On February 2, 2015, counsel for the Board emailed Douglas asking him to respond to the overdue discovery. (*See* Exhibit E). On February 3, 2015, Douglas indicated that he had "requested information from Ms. Aberman" and that she "should have it back to me today. I will follow up with her this afternoon to be certain." (*See* Exhibit F).

8. On February 5, 2015, after having received no further response from Douglas, counsel for the Board emailed Douglas seeking to hold a Rule 37 telephonic conference on either February 6 or 9. (*See* Exhibit G).

9. On February 9, 2015, Douglas sent an email to defense counsel indicating as follows:

> I reached out to Ms. Aberman last Tuesday to gather additional information. She has a 1-year religious marking of her mother's passing that has taken precedence for her. I was out from Wednesday through Friday, and today I just finished with an emergency interview that I was asked to do at the Cook County Jail.
>
> To clarify, I got your requests via email sometime in January (I am sure they are not past due). To the extent that I was able to provide responses, I can forward them to you tonight – as soon as I retrieve my computer (I had to leave it with someone in order to go into the prison). I can then supplement as I obtain more information.

Douglas further indicated that he could be available for a conference after 1:00 p.m. on February 10. (*See* Exhibit H). In response, counsel for the Board stated she would call Douglas the next day. (*Id.*).

10. On February 10, 2015, at 1:36 p.m., counsel for the Board called Douglas for a Rule 37 conference. Counsel left a voice mail stating she would like to hold a Rule 37 conference. Counsel never returned the call.

3

11.     On February 19, 2015, Douglas emailed defense counsel stating: "I had scheduled an appointment for this week to gather the remaining information from Ms. Aberman but I will be unable to follow through. I was placed on jury duty yesterday and it seems certain that it will go through the end of this week. I will reschedule for this weekend if at all possible, and provide the information immediately thereafter." (*See* Exhibit I).

12.     On February 20, 2015, counsel for the Board sent an email to Douglas stating, "You have not returned the voicemail I left you on February 10 seeking to hold a Rule 37 conference. Please call me Monday, February 23 so that we may hold one." (*Id.*).

13.     Defense counsel received no further communication from Douglas.

14.     As of the filing of this motion, Defendants have received no discovery responses from Plaintiff.

### Compliance with Local Rule 37.2

15.     As demonstrated above, Defendants have complied with Local Rule 37.2 by attempting to hold a telephone conference with Plaintiff's attorney on multiple occasions seeking to resolve any issues with outstanding discovery responses. Further attempts by defense counsel to discuss the matter with Plaintiff's counsel would be futile.

### Relevance of the Outstanding Discovery

16.     With the fact discovery deadline quickly approaching, Defendants need to depose Plaintiff but require responses to the propounded written discovery before said deposition can occur.

4

17. Further, Defendants need to review Plaintiff's interrogatory responses and the documents she provides in order to ascertain what additional discovery is needed before fact discovery closes.

18. Additionally, nearly every claim in Plaintiff's second amended complaint hinges on her being considered an individual with a disability. Defendants need to review the documentation sought in the medical releases and subsequently to depose the medical providers identified in order to determine whether Plaintiff was a qualified individual with a disability throughout the entire period in question. Plaintiff, however, has failed to execute any of the releases sent to her on December 30, 2014. (*See* Exhibit B).

19. Moreover, Defendants need to ascertain the scope and severity of Plaintiff's alleged disabilities and to determine whether and what types of modifications would have been or were appropriate to accommodate Plaintiff.

20. Finally, Defendants need to assess the degree to which Plaintiff was damaged as a result of any of the acts alleged in her second amended complaint.

21. Granting Defendants' motion to compel would allow Defendants to move discovery forward in a case in which progress has been halted at every turn.

**Conclusion**

Defendants Lofton and Board respectfully request the Court compel Plaintiff to answer outstanding discovery propounded on December 30, 2014, on or before March 13, 2015.

                    Respectfully submitted,

                    James L. Bebley,
                    General Counsel

By:  s/ Kathleen D. Crawford
       Kathleen D. Crawford
       Board of Education for the City of Chicago
       1 North Dearborn Street, Suite 900
       Chicago, IL 60602
       (773) 553-1700
       Attorney for Defendant Lofton

       s/ Linda Hogan
       Linda Hogan
       Board of Education for the City of Chicago
       1 North Dearborn Street, Suite 900
       Chicago, IL 60602
       (773) 553-1700
       Attorney for Defendant Board

**CERTIFICATE OF SERVICE**

I, Kathleen D. Crawford, an attorney do hereby certify that I caused the attached Defendants' Motion to Compel to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 5th day of March 2015.

                    /s Kathleen D. Crawford