# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARCIE ABERMAN,               )
                              )
        Plaintiff,   )
                              )    Case No. 12 C 10181
     v.              )
                              )
SUSAN LOFTON, et al.          )
                              )
        Defendant.   )

## NOTICE OF DEPOSITION

To:   Johnny Douglas             Kathleen D. Crawford
      Attorney for Plaintiff      Assistant General Counsel
      7135 Gold Road           Board of Education – Law Department
      Morton, Grove, Illinois 60053-1200   1 North Dearborn Street, Suite 900
                                     Chicago, Illinois 60602

     **YOU ARE HEREBY NOTIFIED** that pursuant to the Rule 30 of the Federal Rules of Civil Procedure the undersigned will take the stenographically recorded deposition of the below named Deponents before a Notary Public or any other duly authorized officer in the Board of Education of the City of Chicago, Department of law, on the date and time indicated:

| Deponent | Deposition Date / Time |
|---|---|
| Marcie Aberman | January 16, 2015 at 10:00 a.m. |
| | 1 North Dearborn St., 9th Floor |
| | Chicago, IL 60602 |

                      Respectfully submitted,
                      JAMES L. BEBLEY, General Counsel

By:                   
                      Linda Hogan
                      Senior Assistant General Counsel
                      Board of Education – Law Department
                      125 South Clark, 7th Floor
                      Chicago, Illinois 60603
                      (773) 553-1700



EXHIBIT

A

## CERTIFICATE OF SERVICE

I, Linda Hogan, state that I caused a copy of the above **Notice of Deposition** to be served by U. S. Mail to Johnny Douglas, Attorney for Plaintiff, 7135 Golf Road, Morton Grove, Illinois 60053-1200 before the hour of 5:00 p.m. on December 15, 2014 .

_____
Linda Hogan



**Chicago Public Schools**

## Board of Education of the City of Chicago
## Law Department

James L. Bebley
General Counsel

One North Dearborn, Suite 900
Chicago, IL 60602
Telephone: 773/553-1700
Fax: 773/553-1701

December 30, 2014

Johnny Douglas
7135 Golf Road
Morton Grove, Illinois 60053-1200

Re:    *Aberman v. Board of Education of the City of Chicago*, 12 C 10181, in the United States District Court for the Northern District of Illinois, Eastern Division.

Dear Mr. Douglas:

Enclosed you will find Defendant Lofton's First Set of Interrogatories to Plaintiff and Defendant Lofton's First Request for Production to Plaintiff. Should you have any questions about this or any other matter please do not hesitate to contact me.

Sincerely,

Kathleen D. Crawford
Assistant General Counsel
(773) 553-5935 (direct)
Kdcrawford2@cps.edu

cc: Linda Hogan, via interoffice mail.



EXHIBIT
B

MARCIE ABERMAN,           )

        Plaintiff,      )

        v.          )    **Case No. 12 C 10181**

           )

BOARD OF EDUCATION,    )    **Judge Dow**

OF THE CITY OF CHICAGO, *et. al.*  )    **Magistrate Judge Schenkier**

           )

       Defendants.    )

## DEFENDANT LOFTON'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant Susan Lofton, by her attorney Assistant General Counsel Kathleen D. Crawford, pursuant to Federal Rule of Civil Procedure 33, submits this First Set of Interrogatories to Plaintiff and states:

## DEFINITIONS AND INSTRUCTIONS

A.    *Concerning.* The term "concerning" means consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

B.    *Document.* The term "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34(a).

C.    *Identify (Documents).* When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or alternatively, to produce the document.

D.    *Identify (Persons).* When referring to natural persons, to "identify" means to give the person's (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

E.    *The Board.* "The Board" refers to the Board of Education of the City of Chicago.

F.    *You.* "You" refers to plaintiff, Marcie Aberman, and/or anyone acting on her behalf.

G.    Whenever the expression "and/or" is used in these interrogatories, the information called for should be set out both in the conjunctive and disjunctive, and whenever the information is set out in the disjunctive, it should be given separately for each and every element sought.

H.    The relevant time period applicable to these discovery requests is January 1, 2009, to the present, unless otherwise specified.

I.    This discovery is not subject to objections except upon grounds set forth in Federal Rule of Civil Procedure 26(b)(2)(B).

J.     If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete.

K.     These discovery requests are subject to Federal Rule of Civil Procedure 26(e) regarding supplementation and Federal Rule of Civil Procedure 26(g) regarding certification of responses.

L.     These discovery requests are subject to Federal Rule of Civil Procedure 24(b)(2)(E) regarding form of production.

## PRIVILEGED MATTER

Plaintiff is requested to identify and list all documents called for by this request but withheld from production on the grounds of attorney-client privilege, the work product exemption or on any other basis, and to specify in writing the grounds for non-production.  Also, each such document shall be numbered, held separately, and retained intact pending a ruling from the court on the claimed privilege. Each document shall be identified in accordance with the definition set forth above.

## INTERROGATORIES

**Interrogatory No. 1:** Identify all persons, including their addresses, telephone numbers, email addresses and job titles, whom you believe possess knowledge relating to any fact, defense or issue involved in this case. Include in your response a description of the substance of their knowledge, a statement of whether you presently expect to call the individual as a witness at trial and a description of all documents which support, tend to support, refute or tend to refute your response to this Interrogatory.

**ANSWER:**

**Interrogatory No. 2:** Identify any person other than your counsel and/or counsel's representatives who has provided you with a written statement or opinion of any kind which relates to any allegation, claim, defense or affirmative defense raised in this lawsuit, and for each such person, describe the nature of such statement or opinion and the date on which you obtained such statement or opinion.

**ANSWER:**


**Interrogatory No. 3:** Identify all witnesses you believe may have, or actually did, witness any alleged conduct (including alleged discrimination and/or retaliation) about which you complain in this suit and/or who were otherwise made aware of such alleged conduct and identify all documents which support, tend to support, refute or tend to refute your answer to this Interrogatory.

**ANSWER:**


**Interrogatory No. 4:** Identify each person (with the exception of your attorney or your attorney's agents) with whom you have communicated concerning the allegations in this lawsuit or any fact relevant to this lawsuit, and for each person identified, state the date(s) and briefly describe the substance of each communication with that person.

**ANSWER:**


**Interrogatory No. 5:** Identify each person whom you believe was treated more favorably than you with respect to each alleged adverse action about which you complain in this litigation.

**ANSWER:**


**Interrogatory No. 6:** Identify each accommodation you allegedly requested, as set forth in Paragraphs 32 through 35 of your First Amended Complaint, and for each accommodation, identify the date you made the request, the medium through which you made the request, the person of whom you made the request, and the content of the request.

**ANSWER:**


**Interrogatory No. 7:** Identify each accommodation you were allegedly denied, as set forth in Paragraph 42 of your First Amended Complaint, and for each

accommodation, identify the date the accommodation was denied and whether the accommodation was later provided and on what date.

**ANSWER:**

**Interrogatory No. 8:** Identify all experts you intend to call to testify at trial and/or with whom any such experts have consulted, and describe in detail the subject matter of each such expert's anticipated testimony, the facts and opinions concerning which each expert is expected to testify and the grounds for each opinion.

**ANSWER:**

**Interrogatory No. 9:** State whether you have ever been a party to any lawsuit other than this action, filed an EEOC or other human and/or employment rights agency charge other than that filed in connection with this action, and/or given sworn testimony (whether written or oral) in any matter other than this action. If so, for each lawsuit, charge or other testimony, please state: (a) name and location of the agency or court; (b) charge or court file number; (c) date commenced; (d) whether Plaintiff was the plaintiff, a defendant or a witness in the action; (e) names, addresses and telephone numbers for all other parties and their attorneys, including stating whether the person was a plaintiff, defendant or attorney; (f) nature of the charge, complaint and defense; (g) present status of the suit or charge; and (h) if concluded, the final result of the suit or charge and the amount of any award or settlement.

**ANSWER:**

**Interrogatory No. 10:** List each element of damages you are claiming and include in your response the following: the category into which each item of damages falls (i.e., general, special or consequential, interest, and any other relevant category), the factual basis for each item of damages, the amount claimed for each, an explanation of how each amount was calculated, including any mathematical formula, and a description of each document on which such calculation was based and of each document which supports, tends to support, refutes or tends to refute your response to this Interrogatory.

**ANSWER:**

**Interrogatory No. 11:** Describe specifically and in detail all steps you have taken to mitigate any damages you claim to have suffered as a result of any act or omission by or on behalf of the Board.

**ANSWER:**

**Interrogatory No. 12:** Describe all sources of income you have received from June 8, 2011, to the present, including all income you have received from the Board, specifying the amounts received, dates of receipt and sources of such income.

**ANSWER:**

**Interrogatory No. 13:** For any period of time from June 8, 2011, to the present in which you did not work for any reason (excluding weekends), including but not limited to periods in which you did not work due to vacation, injury, illness or other employment, state the dates of such periods and the reason you did not work during each such period.

**ANSWER:**

**Interrogatory No. 14:** Within the last ten (10) years, have you ever been admitted to any hospital or other medical institution, or been under the care of any health care practitioner for any type of health-related reason, including complaints of an emotional and/or psychological nature? If so, please state:

    a.    The name, and address, of each such hospital or health care facility and each such health care practitioner;

    b.    The date of treatment, confinement or admission, if any, in each such hospital or health care facility or office, and the dates of treatment by any such health care practitioner; and

    c.    The reason for your treatment or confinement at or in such hospital or health care facility or office and the conditions for which you were treated by such health care practitioner

**ANSWER:**

**Interrogatory No. 15:** Are you claiming any psychiatric, psychological and/or emotional injuries as a result of the conduct complained of in your First Amended Complaint? If so, state:

    a.    The symptoms of any such psychiatric, psychological and/or emotional injury and how such injury affects your life;

    b.    The nature, extent and duration of any treatment for such psychiatric, psychological and/or emotional injury claimed;

    c.      The name and address of each psychiatrist, physician, psychologist, therapist or other healthcare professional providing treatment for each injury;

    d.      Whether you had suffered any psychiatric, psychological and /or emotional injury <u>prior</u> to the date of the conduct complained of in the Complaint; and

    e.      If the answer to (d) is yes, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for such injury.

**ANSWER:**

**Interrogatory No. 16:** Identify the basis for your allegation in Paragraph 9 of your First Amended Complaint that you are a disabled person as defined by the ADA and IHRA and specify how you are disabled, including each major life activity you claim is affected by your disability(-ies) and how it is substantially limited.

**ANSWER:**

**Interrogatory No. 17:** Identify the individuals you reference in Paragraph 30 of your First Amended Complaint. For each individual, identify whether they are over 40 and whether they have a known disability.

**ANSWER:**

**Interrogatory No. 18:** Identify the basis for your allegations in Paragraphs 51 and 52 of your First Amended Complaint that there was immediate hirings following Plaintiff's involuntary leave of absence and layoff. Please identify the names of the hired teachers you are referring to.

**ANSWER:**

**Interrogatory No. 19:** Please identify the individuals you reference in Paragraph 56F of your First Amended Complaint. For each individual, identify whether they are over 40 and whether they have a known disability.

**ANSWER:**

**Interrogatory No. 20:** Please identify the individuals you reference in Paragraph 56G of your First Amended Complaint, identifying specifically the teacher that was hired to fill the defined position that you previously held. For each individual, identify whether they are over 40 and whether they have a known disability.

**ANSWER:**

**Interrogatory No. 21:** Identify the basis for your allegation in Paragraph 59 of your First Amended Complaint that Principal Lofton used the evaluation and disciplinary procedures to terminate others from their tenured positions at Senn because of their age and identify all individuals under the age of 40 Plaintiff claims were treated differently than her by Defendants. For each such individual, identify the manner in which Defendants treated Plaintiff differently that allegedly resulted in discrimination against her.

**ANSWER:**

**Interrogatory No. 22:** Identify the basis for your allegation in Paragraph 70 of your First Amended Complaint that Principal Lofton used the evaluation and disciplinary procedures to terminate others from their tenured positions at Senn because of their disabilities and identify all individuals with no known disability Plaintiff claims were treated differently than her by Defendants. For each such individual, identify the manner in which Defendants treated Plaintiff differently that allegedly resulted in discrimination against her.

**ANSWER:**

DATED:      December 30, 2014.

Respectfully submitted,

Kathleen D. Crawford
Attorney for Defendant Susan Lofton
Board of Education of the City of Chicago
Law Department
One North Dearborn Street, Suite 900
Chicago, Illinois 60602
(773) 553-1700

8

## CERTIFICATE OF SERVICE

I certify that I sent a copy of the foregoing document to Plaintiff's counsel, Johnny Douglas, via First Class U.S. Mail on December 30, 2014.

_Kathleen D. Crawford_
Kathleen D. Crawford

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARCIE ABERMAN,                          )

        Plaintiff,                     )

          v.                          )      Case No. 12 C 10181

BOARD OF EDUCATION,                      )
OF THE CITY OF CHICAGO, *et. al.*        )      Judge Dow
                                      )      Magistrate Judge Schenkier

        Defendants.                    )

## DEFENDANT LOFTON'S
## FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendant Susan Lofton, by her attorney Assistant General Counsel Kathleen D. Crawford, pursuant to Federal Rule of Civil Procedure 34, submits these First Requests for Production to Plaintiff and states:

### DEFINITIONS AND INSTRUCTIONS

A.    *Concerning.* The term "concerning" means consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

B.    *Document.* The term "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in Federal Rule of Civil Procedure 34(a).

C.    *Identify (Documents).* When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or alternatively, to produce the document.

D.    *Identify (Persons).* When referring to natural persons, to "identify" means to give the person's (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

E.    *The Board.* "The Board" refers to the Board of Education of the City of Chicago.

F.    *You.* "You" refers to plaintiff, Marcie Aberman, and/or anyone acting on her behalf.

G.    Whenever the expression "and/or" is used in these requests, the information called for should be set out both in the conjunctive and disjunctive, and whenever the information is set out in the disjunctive, it should be given separately for each and every element sought.

H.    The relevant time period applicable to these discovery requests is January 1, 2009, to the present, unless otherwise specified.

I.    This discovery is not subject to objections except upon grounds set forth in Federal Rule of Civil Procedure 26(b)(2)(B).

J.     If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete.

K.     These discovery requests are subject to Federal Rule of Civil Procedure 26(e) regarding supplementation and Federal Rule of Civil Procedure 26(g) regarding certification of responses.

L.     These discovery requests are subject to Federal Rule of Civil Procedure 24(b)(2)(E) regarding form of production.

## PRIVILEGED MATTER

Plaintiff is requested to identify and list all documents called for by this request but withheld from production on the grounds of attorney-client privilege, the work product exemption or on any other basis, and to specify in writing the grounds for non-production.  Also, each such document shall be numbered, held separately, and retained intact pending a ruling from the court on the claimed privilege. Each document shall be identified in accordance with the definition set forth above.

## LOST OR DESTROYED DOCUMENTS

If any documents requested herein have been lost, discarded or destroyed, the document so lost, discarded or destroyed shall be identified in accordance with the definition set forth above, providing as well the following information: date of disposal or loss, person authorizing the disposal, persons having knowledge of the disposal or loss, and person disposing of the document.

# REQUESTS FOR PRODUCTION

**Request for Production No. 1:**    All documents identified in Plaintiff's Responses to Defendant Lofton's First Set of Interrogatories to Plaintiff (or any other Interrogatories by Defendants).

**RESPONSE:**

**Request for Production No. 2:**    All witness statements and notes concerning the allegations made in your Complaint.[1]

**RESPONSE:**

**Request for Production No. 3:**    All diaries, journals, calendars or similar notes, writings, documents or recordings concerning the subject matter addressed in Plaintiff's First Amended Complaint which Plaintiff made, kept or maintained from January 1, 2009, to the present.

**RESPONSE:**

**Request for Production No. 4:**    All documents provided by Plaintiff or her agents to the EEOC, the IDHR, the CCCHR or any other federal, state or local agency, concerning any charge or claim of discrimination filed by Plaintiff against the Board or any other employer.

**RESPONSE:**

**Request for Production No. 5:**    All documents received by Plaintiff or her agents from the EEOC, the IDHR, the CCCHR or any other federal, state or local agency, concerning any charge or claim of discrimination filed by Plaintiff against the Board or any other employer.

**RESPONSE:**

**Request for Production No. 6:**    All documents concerning damages you claim to have incurred in connection with the events described in your First Amended Complaint.

---

[1] To assist defendant in obtaining complete information in response to this and other Requests for Production, please complete the enclosed Educational and Employment Records Authorization, two Authorizations for Release of Medical Records and Information, Social Security Administration Consent for Release of Information and Request for Social Security Earnings Information and return them to defense counsel.

**RESPONSE:**

**Request for Production No. 7:**    All documents concerning employment held or sought by Plaintiff from June 8, 2011, to the present, whether at the Board or any other place of employment, including but not limited to resumes or applications submitted, paycheck stubs, wage statements and documents concerning benefits provided.

**RESPONSE:**

**Request for Production No. 8:**    All    documents    concerning    any communication between Plaintiff and the Board, by and through its employees or agents, concerning any allegation made in your First Amended Complaint.

**RESPONSE:**

**Request for Production No. 9:**    All    documents    concerning    any communication between Plaintiff and the Principal Lofton concerning any allegation made in your First Amended Complaint.

**RESPONSE:**

**Request for Production No. 10:**  All    documents    concerning    medical, psychological and/or counseling treatment you received from January 1, 2009, to the present and/or an executed form releasing such medical information to Defendants' counsel for the limited purpose of use in this lawsuit.

**RESPONSE:**

**Request for Production No. 11:**  All income tax returns prepared by or for Plaintiff, whether filed jointly or separately, from January 1, 2009, to the present, including any W-2 forms relating to such tax returns and all other supporting records.

**RESPONSE:**

**Request for Production No. 12:**  All documents concerning your search for a position with any employer other than the Board, or for a different position than that you currently hold with the Board.

**RESPONSE:**

**Request for Production No. 13:**   Your current resume(s).

**RESPONSE:**

**Request for Production No. 14:**   All documents concerning your employment with any entity other than the Board from June 8, 2011, to the present, including but not limited to the termination of any such employment.

**RESPONSE:**

**Request for Production No. 15:**   All documents supporting, refuting or referring to your allegation in Paragraph 9 of your First Amended Complaint that you are an individual with a disability as defined by the ADA and the IHRA.

**RESPONSE:**

**Request for Production No. 16:**   All documents supporting, refuting or referring to your allegation that you made reasonable requests for accommodations.

**RESPONSE:**

**Request for Production No. 17:**   All written evaluations, ratings, criticisms, and praise you received concerning your performance as a teacher at Chicago Public Schools.

**RESPONSE:**

**Request for Production No. 18:**   All documents you have received since June 8, 2011 reflecting any offer of employment of any kind.

**RESPONSE:**

**Request for Production No. 19:**   All documents reflecting any communications you have had with any entity from July 1, 2009 to the present from which you sought disability benefits, including any determinations of eligibility for disability benefits.

**RESPONSE:**

**Request for Production No. 20:**   All documents reflecting any and all alleged refusals by defendant to grant you a reasonable accommodation.

**RESPONSE:**

**Request for Production No. 21:** Any documents concerning any grievances filed concerning the subject matters contained in your First Amended Complaint.

**RESPONSE:**

**Request for Production No. 22:** All documents concerning any workers compensation claims made regarding your employment at Chicago Public Schools.

**RESPONSE:**

**Request for Production No. 23:** All documents, records, reports or communications concerning Dr. Diadula's evaluation, examinations and/or treatment of you from March, 2011 through the present.

**RESPONSE:**

**Request for Production No. 24:** All documents concerning Dr. Diadula's qualifications, training, specialization, licensing and knowledge as related to the practice of medicine.

**RESPONSE:**

**Request for Production No. 25:** All documents supporting, refuting or referring to your allegation in Paragraph 14 of your First Amended Complaint that you have "never been the subject of a disciplinary inquiry, proceeding, or action, and has consistently received Superior ratings as an educator."

**RESPONSE:**

**Request for Production No. 26:** All documents identifying and/or concerning the teacher that allegedly replaced you at Senn High School.

**RESPONSE:**

**Request for Production No. 27:** All documents supporting, refuting or referring to your allegation in Paragraph 30 of your First Amended Complaint that "[f]rom September 2010 through September 2011 at least five individuals over 40 or with a least one known disability received unsatisfactory rating after observation by Lofton" and that "[e]ach of these individuals either retired after being placed into the E3 process or retired under threat of placement into the E3 process without prospects for successful completion."

**RESPONSE:**

**Request for Production No. 28:** All documents supporting, refuting or referring to your allegation in Paragraph 31 of your First Amended Complaint that, "[f]rom September 2010 through September 2011 no individual over 40 or with a disability who received an unsatisfactory rating and/or was placed into the E3 process by Lofton was allowed to complete the E3 process."

**RESPONSE:**

**Request for Production No. 29:** All documents supporting, refuting or referring to your allegation in Paragraph 44 of your First Amended Complaint that "[e]xperienced teachers who are in the reassigned teacher pool have a generally difficult time obtaining full-time employment with the Board."

**RESPONSE:**

**Request for Production No. 30:** All documents supporting, refuting or referring to your allegation in Paragraph 46 of your First Amended Complaint that "[a] principal or hiring manager may, by simply clicking a field in the electronic database, place a 'Do-Not-Hire' designation onto an employee's personnel file."

**RESPONSE:**

**Request for Production No. 31:** All documents supporting, refuting or referring to your allegation in Paragraph 56G of your First Amended Complaint that "[t]here were 12 teachers hired at Senn subsequent to or contemporaneous with Aberman's placement in the Reassigned Teacher Pool."

**RESPONSE:**

DATED:      December 30, 2014.

Respectfully submitted,

Kathleen D. Crawford
Attorney for Defendant Susan Lofton
Board of Education of the City of Chicago

8

Law Department
One North Dearborn Street, Suite 900
Chicago, Illinois 60602
(773) 553-1700

## CERTIFICATE OF SERVICE

I certify that I sent a copy of the foregoing document to Plaintiff's counsel, Johnny Douglas, via First Class U.S. Mail on December 30, 2014.

Kathleen D. Crawford

**Educational and Employment Records Authorization**

**TO:**

I, _____, hereby authorize the above-named entity to release to the Law Department for the Board of Education of the City of Chicago:

> A complete copy of my educational and/or employment files, including, but not limited to, all records relating to my dates of enrollment, grades, degrees obtained, disciplinary action, financial status, positions held, job descriptions, rate of pay, amount of income received, payroll records, salary history including raises and/or bonuses, attendance, time sheet records, hours worked, personal or medical leaves, benefits available and received, applications, resumes, interview notes, offer letters, physical examinations or medical records, disciplinary records, performance evaluations, letters of resignation or termination of employment, internal or external complaints or charges of discrimination, litigation records, or other similar information or documentation pertaining to my education and/or actual or potential employment.

These records are requested for performing legal services on behalf of a defendant in the case styled _____, currently pending in the U.S. District Court for the Northern District of Illinois.

I understand that I may revoke this authorization by sending written notice of revocation to Lisa A. Dreishmire, Law Department, Board of Education of the City of Chicago, 125 S. Clark Street, Suite 700, Chicago, IL 60603. I understand that my revocation will only be effective after it is received by Ms. Dreishmire and that any disclosures made prior to my revocation will not be affected by my revocation.

I understand and agree that a photocopy of the original of this Authorization shall have the same effect as an original.

WITNESS my signature this _____ day of _____, 2014.

This authorization will expire upon the trial or other resolution of the case referenced above.

Signed:_____        _____
NAME _____        Date of Birth

Sworn to and subscribed before me this _____ day of _____, 2014.

Notary Public: _____        My commission expires: _____

# AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS AND INFORMATION

## TO ALL HEALTH CARE PROVIDERS THAT HAVE PROVIDED SERVICES TO THE FOLLOWING INDIVIDUAL:

| NAME: | | CASE NAME: | |
|---|---|---|---|
| SS# | | CASE NO.: | |
| DOB: | | COURT: | |

1. In conjunction with a request from the Law Department of the Board of Education of the City of Chicago, 125 S. Clark Street, Suite 700, Chicago, IL, 60603 (the "Board"), I, _____, hereby authorize the above-referenced health care providers (the "Providers") to disclose, release, and give the information detailed in Items 2 through 5 below to the Board, notwithstanding any privilege or confidentiality which may protect these records under state or federal law. This disclosure and release is requested for purposes of litigation that I have initiated.

2. The information to be released includes any and all information described in Items 3 and 4 below related to services provided on or after the following date: _____.

3. The information to be released is any information and documents in a Provider's possession, including notes, charts, discharge, treatment, or operative reports or abstracts, photographs, and the like, concerning medical treatment, medical history, psychiatric or psychological treatment, counseling, history, and diagnosis, medical, psychiatric, and psychological prognosis, prescribed medications, drug or alcohol treatment or counseling, or other similar information or documentation pertaining to services rendered to me,[1] and copies of any such records, charts, x-rays, and each and every document included in any such medical charts, and any other documentation, upon presentation of this authorization or any duplicate or photostatic copy thereof.

4. The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, the medical provider should not provide any genetic information when responding to this request for medical information. "Genetic Information" as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

5. To the extent that this release is directed to any individual pharmacist or medical practitioner, including physicians, nurses, therapists, or others who rendered or are rendering medical, psychiatric, or psychological treatment or other counseling, the Providers are further authorized to provide a written opinion or statement of prognosis, as the same pertains to me.

6. A copy of this authorization may be used just as if it were the original.

7. I have read and understand the following related to this authorization:

   (a) This authorization will expire upon the conclusion of the above-referenced litigation.

   (b) I may revoke this authorization in writing at any time prior to the expiration event in Item 6(a) above. To revoke this authorization, I must send (or cause my attorney to send) notice of revocation to a Board attorney who is an attorney of record in the above-referenced case at the address provided in Item 1 above.

---

[1] This is not a request for "psychotherapy notes" (defined as notes recorded by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of my medical record, but excluding information regarding medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, and results of clinical tests).

(c) If I revoke this authorization, it will not have any effect on disclosures made prior to such revocation pursuant to and in accordance with this authorization.

(d) The health information disclosed pursuant to this authorization may be redisclosed to the Court, parties to this litigation, the parties' attorneys, expert witnesses, and their staff, and jurors, and used by the recipient of this information for any legitimate purposes related to the above-referenced litigation.

(e) I understand my healthcare treatment, payment or enrollment, or eligibility for benefits may not be conditioned on signing this authorization.

(f) I understand that the records used and disclosed pursuant to this authorization may include information relating to: Human Immunodeficiency Virus (HIV) or Acquired Immunodeficiency Syndrome (AIDS) treatment; and history of drug or alcohol abuse.


_____          _____
[NAME (signature)]                                DATE


Sworn to and subscribed before me this _____ day of _____, 2014.


Notary Public: _____     My commission expires: _____

<u>Instructions for Using this Form</u>

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

• Request release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or

• Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

<u>How to Complete this Form</u>

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

• Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.

• Fill in the name and address of the person or organization where you want us to send the requested information.

• Specify the reason you want us to release the information.

• Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.

• You, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.

• If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

**PRIVACY ACT STATEMENT**

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

**PAPERWORK REDUCTION ACT STATEMENT**

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TYY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send **only** comments relating to our time estimate to this address, not the completed form.*

Social Security Administration

# Consent for Release of Information

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*signifies a required field).

**TO: Social Security Administration**

| *My Full Name | *My Date of Birth (MM/DD/YYYY) | *My Social Security Number |
|---|---|---|

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**      **\*ADDRESS OF PERSON OR ORGANIZATION:**

_____      _____

_____      _____

_____      _____

**\*I want this information released because:** _____

We may charge a fee to release information for non-program purposes.

_____

_____

**\*Please release the following information selected from the list below:**

You must specify the records you are requesting by checking at least one box. We will not honor a request for "any and all records" or "my entire file." Also, we will not disclose records unless you include the applicable date ranges where requested.

1. ☐ Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☐ My benefit or payment amounts from date _____ to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☐ Medical records from my claims folder(s) from date_____ to date_____

   If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.
7. ☐ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file **(you must specify the records you are requesting, e.g., doctor report, application, determination or questionnaire)**

_____

_____

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeks or obtain access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

**\*Signature:** _____    **\*Date:** _____

**\*Address:** _____

**Relationship (if not the subject of the record):** _____    **\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

Form Approved
OMB No. 0960-0525

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

*Use This Form If You Need

**1. Certified/Non-Certified Detailed Earnings Information**
   Includes periods of employment or self-employment
   and the names and addresses of employers.

**OR**

**2. Certified Yearly Totals of Earnings**
   Includes total earnings for each year but does not
   include the names and addresses of employers.

> **DO NOT USE THIS FORM TO REQUEST YEARLY EARNINGS TOTALS**
>
> Yearly earnings totals are FREE to the public if you do not require certification.
>
> To obtain FREE yearly totals of earnings, visit our website at www.ssa.gov/myaccount.

## Privacy Act Statement
## Collection and Use of Personal Information

Section 205 of the Social Security Act, as amended, authorizes us to collect the information on this form. We will use the information you provide to identify your records and send the earnings information you request. Completion of this form is voluntary; however, failure to do so may prevent your request from being processed.

We rarely use the information in your earnings record for any purpose other than for determining your entitlement to Social Security benefits. However, we may use it for the administration and integrity of Social Security programs. We may also disclose information to another person or to another agency in accordance with approved routine uses, which include but are not limited to the following:

1. To enable a third party or an agency to assist Social Security in establishing rights to Social Security benefits and/or coverage;
2. To comply with Federal laws requiring the release of information from Social Security records (e.g., to the Government Accountability Office and Department of Veterans' Affairs);
3. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity and improvement of Social Security programs.

A complete list of routine uses for earnings information is available in our Systems of Records Notices entitled, the Earnings Recording and Self-Employment Income System (60-0059), the Master Beneficiary Record (60-0090), and the SSA-Initiated Personal Earnings and Benefit Estimate Statement (60-0224).
In addition, you may choose to pay for the earnings information you requested with a credit card. 31 C.F.R. Part 206 specifically authorizes us to collect credit card information. The information you provide about your credit card is voluntary. Providing payment information is only necessary if you are making payment by credit card. You do not need to fill out the credit card information if you choose another means of payment (for example, by check or money order). If you choose the credit card payment option, we will provide the information you give us to the banks handling your credit card account and the Social Security Administration's (SSA) account.

Routine uses applicable to credit card information, include but are not limited to:
(1) to enable a third party or an agency to assist Social Security to effect a salary or an administrative offset or to an agent of SSA that is a consumer reporting agency for preparation of a commercial credit report in accordance with 31 U.S.C. §§ 3711, 3717 and 3718; and (2) to a consumer reporting agency or debt collection agent to aid in the collection of outstanding debts to the Federal Government.
A complete list of routine uses for credit card information is available in our System of Records Notice entitled, the Financial Transactions of SSA Accounting and Finance Offices (60-0231). The notice, additional information regarding this form, routine uses of information, and our programs and systems is available on-line at www.socialsecurity.gov or at your local Social Security office.

**Paperwork Reduction Act Statement -** This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 11 minutes to read the instructions, gather the facts, and answer the questions. *Send only comments relating to our time estimate above to:* SSA, 6401 Security Blvd, Baltimore, MD 21235-6401.

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. Provide your name as it appears on your most recent Social Security card or the name of the individual whose earnings you are requesting.

First Name: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚  Middle Initial: ⬚

Last Name: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

Social Security Number (SSN) ⬚⬚⬚ - ⬚⬚ - ⬚⬚⬚⬚  One SSN per request

Date of Birth: ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚  Date of Death: ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚

Other Name(s) Used
(Include Maiden Name)

2. What kind of earnings information do you need? (Choose **ONE** of the following types of earnings or SSA must return this request.)

☐ **Itemized Statement of Earnings $136**

(Includes the names and addresses of employers)

If you check this box, tell us why you need this information below.

Year(s) Requested: ⬚⬚⬚⬚ to ⬚⬚⬚⬚

Year(s) Requested: ⬚⬚⬚⬚ to ⬚⬚⬚⬚

☐ Check this box if you want the earnings information **CERTIFIED** for an additional $56.00 fee.

☐ **Certified Yearly Totals of Earnings $56**

(Does not include the names and addresses of employers) Yearly earnings totals are FREE to the public if you do not require certification. To obtain FREE yearly totals of earnings, visit our website at www.ssa.gov/myaccount.

Year(s) Requested: ⬚⬚⬚⬚ to ⬚⬚⬚⬚

Year(s) Requested: ⬚⬚⬚⬚ to ⬚⬚⬚⬚

3. If you would like this information **sent to someone else**, please fill in the information below.

I authorize the Social Security Administration to release the earnings information to:

| Name | |
|---|---|
| Address | State |
| City | ZIP Code |

4. I am the individual to whom the record pertains (or a person authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

| Signature AND Printed Name of Individual or Legal Guardian | SSA must receive this form within 120 days from the date signed |
|---|---|
| | Date: ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚ |
| Relationship (if applicable, you must attach proof) | Daytime Phone: |
| Address | State |
| City | ZIP Code |

Witnesses must sign this form ONLY if the above signature is by marked (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address *(Number and Street, City, State and ZIP Code)* | Address *(Number and Street, City, State and ZIP Code)* |

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

## INFORMATION ABOUT YOUR REQUEST

You may use this form to request earnings information for **only ONE** Social Security Number (SSN)

### How do I get my earnings statement?

You must complete the attached form. Tell us the specific years of earnings you want, type of earnings record, and provide your mailing address. The itemized statement of earnings will be mailed to ONE address, therefore, if you want the statement sent to someone other than yourself, provide their address in section 3. Mail the completed form to SSA within 120 days of signature. If you sign with an "X", your mark must be witnessed by two impartial persons who must provide their name and address in the spaces provided. Select ONE type of earnings statement and include the appropriate fee.

**1. Certified/Non-Certified Itemized Statement of Earnings**
   This statement includes years of self-employment or employment and the names and addresses of employers.

**2. Certified Yearly Totals of Earnings**
   This statement includes the total earnings for each year requested but *does not* include the names and addresses of employers.

If you require one of each type of earnings statement, you must complete two separate forms. Mail each form to SSA with one form of payment attached to each request.

### How do I get someone else's earnings statement?

You may get someone else's earnings information if you meet one of the following criteria, attach the necessary documents to show your entitlement to the earnings information and include the appropriate fee.

**1. Someone Else's Earnings**
   The natural or adoptive parent or legal guardian of a minor child, or the legal guardian of a legally declared incompetent individual, may obtain earnings information if acting in the best interest of the minor child or incompetent individual. You must include proof of your relationship to the individual with your request. The proof may include a birth certificate, court order, adoption decree, or other legally binding document.

**2. A Deceased Person's Earnings**
   You can request earnings information from the record of a deceased person if you are:
   • The legal representative of the estate;
   • A survivor (that is, the spouse, parent, child, divorced spouse of divorced parent); or
   • An individual with a material interest (e.g., financial) who is an heir at law, next of kin, beneficiary under the will or donee of property of the decedent.

   You must include proof of death and proof of your relationship to the deceased with your request.

### Is There A Fee For Earnings Information?

Yes. We charge a $136 fee for providing information for purposes unrelated to the administration of our programs.

**1. Certified or Non-Certified Itemized Statement of Earnings**
   In most instances, individuals request Itemized Statements of Earnings for purposes unrelated to our programs such as a private pension plan or personal injury suit. Bulk submitters may email OCO.Pension. Fund@ssa.gov for an alternate method of obtaining itemized earnings information.

   We will **certify** the itemized earnings information for an additional $56.00 fee. Certification is usually not necessary unless you are specifically requested to obtain a certified earnings record.

   Sometimes, there is no charge for itemized earnings information. If you have reason to believe your earnings are not correct (for example, you have previously received earnings information from us and it does not agree with your records), we will supply you with more detail for the year(s) in question. Be sure to show the year(s) involved on the request form and explain why you need the information. If you do not tell us why you need the information, we will charge a fee.

**2. Certified Yearly Totals of Earnings**
   We charge $56 to certify yearly totals of earnings. However, if you do not want or need certification, you may obtain yearly totals *FREE* of charge at www.ssa.gov/myaccount. Certification is usually not necessary unless you are advised specifically to obtain a certified earnings record.

### Method of Payment
### This Fee Is Not Refundable. DO NOT SEND CASH.

You may pay by credit card, check or money order.
• Credit Card Instructions
   Complete the credit card section on page 4 and return it with your request form.

• Check or Money Order Instructions
   Enclose one check or money order per request form payable to the Social Security Administration and write the Social Security number in the memo.

### How long will it take SSA to process my request?

Please allow SSA 120 days to process this request. After 120 days, you may contact 1-800-772-1213 to leave an inquiry regarding your request.

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

**· Where do I send my complete request?**

| Mail the completed form, supporting documentation, and applicable fee to: | If using private contractor such as FedEx mail form, supporting documentation and applicable fee to: |
|---|---|
| **Social Security Administration** Division of Earnings Record Operations P.O. Box 33003 Baltimore, Maryland 21290-3003 | **Social Security Administration** Division of Earnings Record Operations 6100 Wabash Ave. Baltimore, Maryland 21215 |

**· How much do I have to pay for an Itemized Statement of Earnings?**

| **Non-Certified** Itemized Statement of Earnings | **Certified** Itemized Statement of Earnings |
|---|---|
| $136.00 | $192.00 |

**· How much do I have to pay for Certified Yearly Totals of Earnings?**

Certified yearly totals of earnings cost $56.00. You may obtain non-certified yearly totals *FREE* of charge at www.ssa.gov/myaccount. Certification is usually not necessary unless you are specifically asked to obtain a certified earnings record.

## YOU CAN MAKE YOUR PAYMENT BY CREDIT CARD

**As a convenience, we offer you the option to make your payment by credit card. However, regular credit card rules will apply. You may also pay by check or money order. Make check payable to Social Security Administration.**

| | |
|---|---|
| CHECK ONE | ☐ Visa ☐ American Express ☐ MasterCard ☐ Discover |
| Credit Card Holder's Name (Enter the name from the credit card) | First Name, Middle Initial, Last Name |
| Credit Card Holder's Address | Number & Street City, State, & ZIP Code |
| Daytime Telephone Number | ( ) ___ - ____ Area Code |
| Credit Card Number | ____ - ____ - ____ - ___ |
| Credit Card Expiration Date | (MM/YY) |
| Amount Charged See above to select the correct fee for your request. Applicable fees are $56, $136, or $192 SSA will return forms without the appropriate fee. | $ |
| Credit Card Holder's Signature | |

| **DO NOT WRITE IN THIS SPACE OFFICE USE ONLY** | Authorization |
|---|---|
| | Name ⎹ Date |
| | Remittance Control # |